## INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V. HENRY WILLIAMS.

### No. 3267.

1. **Rule for Costs.**—The statute seems to contemplate that a motion for security for costs may be made and the rule granted "at any time before final judgment." Art. 1436. It was error to refuse a motion for reason that it came too late when made after the plaintiff had announced ready for trial. But where verdict and judgment were for the plaintiff the error was immaterial, no injury appearing from the ruling.

2. **Master and Servant—Contributory Negligence.**—In an action for damages for personal injuries caused by defective machinery in use, where it appeared the servant had been in the employ for six months and had known of the defects within a few days after entering the service, he having called the attention of the foreman to the defect, and was assured by him that the defect would be remedied, it was error for the court to charge the jury that "the plaintiff would not be guilty of negligence in working with defective machinery, though he might know of its defects, if he had

informed the master or his agent of the defect and the master or his agent had promised to fix the machinery.'' This was upon the weight of testimony. Besides, negligence is a question for the jury to determine upon the entire facts.

3. **Safe Machinery — Master and Servant.** — It was error to instruct the jury that it was the duty of the railway company to furnish *safe machinery.* A railway company is bound to use a high degree of care in furnishing and keeping in repair machinery which its servants are to use, but it is not bound to furnish machinery which is absolutely safe.

APPEAL from Smith. Tried below before Hon. FELIX J. McCORD. The opinion states the case.

*Gould & Camp,* for appellant.—1. Although defendant may have been negligent in not repairing the brake, yet if plaintiff voluntarily and knowingly put himself in a dangerous position and remained there, after being warned not to do so, and was injured as the proximate result of said imprudent act, he can not complain and ought not to recover. Railway v. Smith, 52 Texas, 184; Hoover v. Railway, 61 Texas, 503; Railway v. Bisch, 41 Am. and Eng. Ry. Cases, p. 89; Railway v. Hoosey, 6 Am. and Eng. Ry. Cases, p. 459, and note on p. 462.

2. While it may not ordinarily be negligence for a servant to use defective machinery after the master has promised to repair it, yet if after the promise the master fails for an unreasonable length of time to repair the machine, the servant has no right to expect a repair; and he voluntarily assumes the risk of its dangerous condition and can not recover. The charge should have submitted the question of reasonable time to the jury. Railway v. Meyers, 55 Texas, 110; Railway v. Smith, 52 Texas, 178; 2 Ct. App. C. C., sec. 19, and authorities cited.

*H. B. Marsh* and *Jno. M. Duncan,* for appellee.— Where a servant cognizant of defects in machinery furnished for his use complains thereof to his master and the latter agrees to remedy the defect, the master is liable to the servant for injuries received by him in the use of such machinery; and the servant is not chargeable with contributory negligence by remaining in the service, unless the danger is so great that a man of ordinary prudence would not remain. Railway v. Donnelly, 70 Texas, 371; Railway v. Drew, 59 Texas, 12; Hough v. Railway, 100 U. S., 213; Wood's Mast. and Serv., 753, 754; Cool. on Torts, 559.

STAYTON, CHIEF JUSTICE.—Appellee while in employment of appellant as a section hand was injured while on a hand car that was struck by another following it, and he claims that this resulted from a defective brake on the hindmost car.

After plaintiff had announced ready for trial defendant sought a continuance or postponement of the case until a later day of the term,

and also presented a motion for rule on plaintiff to give security for costs. The application for continuance did not show sufficient diligence to procure the attendance of the witness for whose absence a continuance or postponement of the trial was asked, and the court overruled the motion for rule for security for costs on the ground that the motion came too late after plaintiff had announced ready for trial, and on the further ground that the court had by previous order set the case for trial on the day it was called.

The statute seems to contemplate that such motions may be made and rule granted "at any time before final judgment." Rev. Stats., art. 1436. But if a court should overrule such a motion urged within the time prescribed, it would seem that a judgment against a defendant which fixes upon it liability for all costs ought not to be reversed on this ground, unless it be shown that some injury resulted from the ruling.

It appears from the evidence of the plaintiff himself that he had been in the employment, in which the hand car claimed to have been defective was used, for about six months, and that he knew of the defect within two days after he commenced work, and from time to time made the defect known to the section foreman, who repeatedly promised to have the defect repaired, but never did so. Notwithstanding these facts, he continued in the service in which the car was used.

With others, the court gave the following charge: "The plaintiff would not be guilty of negligence in working with defective machinery, though he might know of its defects, if he had informed the master or his agent of the defect, and the master or his agent had promised to fix the machinery."

The usual charge in reference to contributory negligence was given, and the charge closed as follows: "If you find for defendant, so say by your verdict. As before stated, it would not be negligence for the servant to remain in the employ of the master after the servant found out the machinery was defective, provided he notified the master, and the master or his agent promised to repair it. But if he knew the hand car was out of repair and did not report it to the master and continued to use it, then he can not recover, and you will find for defendant."

The giving of the charge first copied is assigned as error. Whether the plaintiff was guilty of contributory negligence was a question of fact for the jury, and it was not proper for the court in effect to declare that he was not so guilty if for a period of about six months he had known of the defect and continued to work with it, provided he had informed the master or an agent of the defect and promise had been made to repair it, which he knew had not been complied with. The court might as well, as the evidence stood, have charged the jury that the plaintiff was not guilty of contributory negligence.

⸱The court in effect further charged the jury that it was the duty of the appellant to furnish its servants with safe machinery, which was exacting too much. A railway company is bound to use a high degree of care in furnishing and in keeping in repair machinery which its servants are to use, but it is not bound to furnish machinery that is absolutely safe, and the charge given was calculated to induce the jury to believe that such a duty rested upon appellant in this case.

For the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 27, 1891.