## TEXAS & PACIFIC RAILWAY COMPANY v. M. M. MAYFIELD.

### Decided April 21, 1900.

**1. Contributory Negligence—Passenger Leaving Train.**

Where a passenger train has made its regular stop of ten to fifteen minutes at a station for the purpose of changing engines, a passenger is not guilty of contributory negligence in getting off the train there and standing on the platform near by it, nor in waiting for the customary signals to get on the train before attempting to do so.

**2. Negligence—Charge of Court.**

A charge of court that if the defendant negligently started its train (which had stopped ten to fifteen minutes to change engines) before plaintiff had reasonable time to return to and reboard it, and plaintiff was injured thereby as alleged by him, this would be negligence in the defendant, does not present reversible error in a case where the facts proved show that the defendant was guilty of negligence in so starting the train.

**3. Contributory Negligence—Burden of Proof.**

The burden of proof is on the defendant to prove the acts of contributory negligence alleged in his answer.

APPEAL from Taylor. Tried below before Hon. N. R. LINDSEY.

*B. G. Bidwell* and *R. L. Stennis,* for appellant.

*Cockrell & Hardwicke* and *Theodore Mack,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellant damages for personal injuries caused by the neg-

ligence of its servants and employes in negligently placing and leaving an oil bucket on the platform used by passengers in boarding and alighting from its train, too near the train, and in negligently starting its train on which appellee was a passenger without giving sufficient warning to enable passengers to safely board said train, and by reason whereof appellee in trying to get aboard said train, stumbled over the oil bucket, was thrown down, and his arm broken and dislocated at the wrist, whereby he greatly suffered pain and anguish, and was permanently injured and damaged in the sum of $1990.

The defendant answered by general denial, and plea of contributory negligence in failing to board the train while it was still, as he had ample time to do, and in attempting to get on while it was moving.

The case was tried by a jury, and verdict and judgment went against appellant for $1840, and hence this appeal.

The facts are substantially as follows: On March 30, 1899, appellee was a passenger on appellant's regular passenger train going from Abilene to Cisco. The train stopped at Baird to change engines, it being the end of a division of the road, when appellee alighted from the train, as did many other passengers, and after talking with a friend on the platform and walking about a while he stopped about half way between the engine and first passenger coach and was standing there talking to another friend, near enough to touch the cars, when he thought he heard the call, "All aboard," and about that time the train started. There was a rush for the train by the passengers, and he caught hold of the hand railing of the first coach to get on, but the steps were crowded and one man was on the bottom step so that he could not mount it. He held on to the railing, however, with both hands and ran along the platform, intending to mount the step as soon as the other man got off it, when he stumbled over the oil bucket and fell, rolled off the platform under the cars, and was caught and pulled up on the platform by the newsboy. In the fall his left arm was dislocated at the wrist, or to use the language of one of the doctors introduced by appellant, "the ulna of the forearm was dislocated from its attachments with the bones of the hand and the synovial membrane was ruptured on the inferior side of the injured member; the ligaments and tendons seemed to be very greatly stretched; the injury was not very extensive, but quite severe. I reduced the luxation and applied temporary dressing on the train." Another doctor introduced by appellee proved, to use his own language: "There was a colles fracture of the radius, which is the lowest fracture at the end of the radius just before the articulation of the wrist joint. I mean by that, that the bone at that place was broken in two, and the hand was out of shape, and the principal thing was dislocation of the bones of the wrist. * * * I consider it a permanent injury." Appellee did not see the oil bucket. The evidence is sufficient to establish that the injury was caused by the negligence of the trainmen in starting the train before the passengers had time to get on after the bell signal and conductor's

call to get aboard were given, and also in leaving the oil bucket so near the train as to interefere with passengers in their efforts to board the train. It was the custom for passenger trains to stop at this station for ten or fifteen minutes, and on this occasion it stopped about that time. The appellee was not guilty of contributory negligence in getting off the train at that place, nor in waiting for the signals to get on the train before attempting to do so. The evidence is sufficient to sustain the verdict rendered by the jury in every respect, and in support of it we make the above findings therefrom, as it is our duty to do, from conflicting evidence.

The first and second assignments of error are not tenable, and the charge complained of in the third was correct, and if not, is was more favorable to the appellant than to appellee.

The fourth assignment complains of the giving of the following clause in the charge, upon the ground that there was no pleading or evidence to authorize it: "If you further find from the evidence that before plaintiff had reasonable time to return to and reboard said train defendant negligently put said train in motion, as alleged in plaintiff's petition, and that thereby plaintiff was injured as alleged by him," it would be negligence in defendant.

One of the grounds of negligence alleged was, in substance, that if signals were given the passengers that the train was about to depart, reasonable time thereafter was not afforded them to board the train before it was put in motion. The evidence was sufficient to sustain this allegation. We think the charge was intended to mean, and the jury understood it to mean, that, if reasonable time to board the train after the signal was given to do so was not afforded the plaintiff before putting it in motion, it would be negligence, and, under the circumstances of this case, we think there was no error in so charging. The evidence showed that the custom was for passenger trains going east, as this one was, to stop at this station from ten to fifteen minutes to change engines and take into the train another coach, and that the custom was to ring the bell and for the conductor to call out "All aboard" a reasonable time before starting in order to allow the passengers opportunity to get aboard; that it was also customary for many passengers to alight there during the delay thus occasioned. The evidence was conflicting as to the time of starting after these signals were given, some of the witnesses testifying that the signals and starting were almost simultaneous while others gave more time between the two events.

It has been held that, as there is no statute requiring signals for starting to be given, it was error to instruct the jury that failure to give a signal before starting would be negligence. Railway v. Williams, 70 Texas, 159. This case, with others similar in tenor, has been cited in support of this assignment, but we think they are not in point. The charge as given was more favorable to the defendant than it should have been, unless it must be taken to mean what we have indicated

Vol. XXIII. Civil—27

above and in this event there was no error in it, under the circumstances related.

The fifth, sixth, and seventh assignments have no merit in them. The eighth complains of the following clause of the court's charge: "The burden of proof is on the plaintiff to satisfy you by a preponderance of the evidence of the truth of the material allegations in his petition, and a failure of plaintiff to so satisfy you will entitle the defendant to your verdict. But upon the issue of contributory negligence the burden is on the defendant to satisfy you by a preponderance of the evidence of the truth of its allegations as to that issue, and a failure of defendant to so satisfy you in regard to contributory negligence on the part of plaintiff will entitle plaintiff to a finding of that issue in his favor."

The only proposition made under this assignment is as follows: "When the plaintiff's own case shows a suspicion of negligence, then he must clear off suspicion." We understand from this proposition that complaint is made only on placing the burden of proof on defendant to prove the acts of contributory negligence alleged in its answer, and we think it is now well settled that the burden is on defendant in such cases.

No complaint is made of the charge because of its requiring the jury to be "satisfied by a preponderance of the evidence," as requiring a higher degree of certainty than the law requires, so as to bring it within the condemnation of the decision in Moore v. Stone, 36 Southwestern Reporter, 909, and the authorities there cited.

We find no merit in the eleventh assignment.

As no reversible error is presented by appellant, the judgment is affirmed.

*Affirmed.*

Writ of error refused.