## C. J. LONG v. CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY.

### No. 923. Decided June 25, 1900.

**1. Fellow Servants—Act of 1897 Applied.**

A section hand on a railway returning on foot with others carrying their tools to the tool house to close the day's work, was not a fellow servant of other hands so returning with their tools on a hand car,—not being engaged in the same character of work nor at the same place of work, within the meaning of the statute (Act of June 18, 1897, section 3), and the employer was liable for his injury by the negligence of those operating the hand car. (Pp. 59-61.)

**2. Same—Character of Work—Piece of Work.**

The terms "same character of work" and "same piece of work" in section 3 of the Act of June 18, 1897, defining fellow servants, are so indefinite in their meaning that no general rule for their construction and application will be attempted. (P. 60.)

**3. Practice in Supreme Court.**

Where on trial without a jury the court gave judgment for defendant, but in finding the facts assessed plaintiff's damages in case of recovery, which assessment plaintiff, on appeal, assigned as error, the Supreme Court, on reversing the judgment after its affirmance on appeal, will not render judgment if the appellate court has declined to pass on the assignment as to sufficiency of damages, but will remand. (P. 61.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Montague County.

Long sued the railway to recover damages for personal injuries. Judgment was against him and was affirmed on his appeal, whereupon he obtained writ of error.

*Barrett & Barrett* and *W. S. Jameson,* for plaintiff in error.—In order for one servant to be a fellow servant with another servant, it is necessary that they be engaged in doing the same piece of work. Batts' Ann. Stats. of Texas, art. 4560g (just below this act see section 1359, being the old law amended by the Act of 1897); Railway v. Hines, 40 S. W. Rep., 152; Railway v. Bond, 2 Texas Civ. App., 104; Railway,

v. Echols, 41 S. W. Rep., 488; Railway v. Ross, 5 U. S. Sup. Ct. Rep., No. 184.

In order for appellant to have been a fellow servant with those operating the hand car at the time he was hurt, plaintiff must have been doing the same character of work or service with those operating the hand car. Batts' Ann. Stats., art. 4560g; Smith v. Railway, 80 N. W. Rep., 658; Larsen v. Railway, 58 N. W. Rep., 1076; Butler v. Railway, 54 N. W. Rep., 208; Railway v. Artery, 11 U. S. Sup. Ct. Rep., 129.

If by construction appellant was engaged in doing the same piece and character of work that was being done by those propelling the hand car, then it follows that he was operating the hand car and would have been entitled to recover under the first section of the fellow servants act (article 4560a, Batts' Annotated Statutes). Plate Glass Co. v. City of Alexandria, 52 N. E. Rep., 608; Powell v. Holman, 6 S. W. Rep., 505; Smith v. Railway, 80 N. W. Rep., 658; Larson v. Railway, 58 N. W. Rep., 1076; Butler v. Railway, 54 N. W. Rep., 208; Railway v. Artery, 11 U. S. Sup. Ct. Rep., 129.

*Graham & Ayres*, for defendants in error.—The undisputed evidence showing, as it does, that the appellant and those operating the hand car at the time appellant was injured were engaged in transporting the tools which had been used on that day by the section hands to the tool-house, thus closing their day's work, the court did not err in holding that appellant and those operating the hand car were, at the time the injuries were inflicted, fellow servants, and the fact that appellant and some of the other employes were carrying some of said tools to the tool-house in their hands, or on their shoulders, and were walking, while others were carrying the balance of said tools to the tool-house on a hand car, would not alter the correctness of this ruling. Fellow Servant Law, as amended June 18, 1897, p. 14, Laws 1st Called Sess. 25th Leg. of Texas; Railway v. Warren, 35 S. W. Rep., 364; 3 Elliott on Railways, sec. 1337, p. 2103, 2104, note 1, also sec. 1329; Justice v. Pennsylvania Co., 130 Ind., 321; Railway v. Reed, 31 S. W. Rep., 1058; Railway v. Smith, 13 S. W. Rep., 562; Moore v. Jones, 39 S. W. Rep., 593.

The evidence in this case showing, as it does, without controversy, that the appellant and some two or three others of his coemployes were, at the time the injuries were inflicted on appellant, walking and carrying some of the tools with which the "crew" had been at work during the day, while five of the other employes of the appellee were operating the hand car that ran over appellant and inflicted the injuries on him, the court correctly found "that plaintiff was not engaged in operating the trains, cars, or locomotives of defendant at the time he received his injuries." Russell v. Farquhar, 55 Texas, 355; Edwards v. Morton, 46 S. W. Rep., 792.

Where there is any conflict in the evidence introduced on the trial,

the judgment of the trial court is conclusive on the point raised by said conflict, and will not be revised by the appellate court, even though the evidence would also have supported a contrary finding. Railway v. Bohan, 47 S. W. Rep., 1050; Schuetze v. Von Boeckman, 53 S. W. Rep., 836.

A motion for rehearing filed by defendant in error, which was overruled, presented among others, the following propositions and authorities:

This court erred in assuming jurisdiction of this cause, and in granting the writ of error herein, and in disposing of this cause on its merits, because no written or other such opinion was rendered in said cause by the Court of Civil Appeals for the Second Supreme Judicial District of Texas as is contemplated and required by the Constitution and laws of this State.

The trial court having found that the plaintiff and his colaborers were fellow servants, and the Court of Civil Appeals for the Second Supreme Judicial District of Texas having approved said finding, such finding on the part of the said Court of Civil Appeals is conclusive on this court as to said question, it being a question of fact. And this court therefore erred in reversing and remanding this cause on this question. Our statutes give a minute definition of a "fellow servant" (Act June 18, 1897), providing, among other things, that persons to be fellow servants with each other must be doing the same "character of work" and must be working at the same "piece" of work.

As the trial court found that the plaintiff and his colaborers were "fellow servants" at the time the injuries were received, and this finding was expressly approved by the Court of Civil Appeals, said finding necessarily implied a finding on the part of the trial court, as well as on the part of said Court of Civil Appeals, of all the conditions named in the statute as being necessary to constitute said plaintiff and his colaborers "fellow servants," and among other things necessarily found by both the trial court and said Court of Appeals, was that the plaintiff and his colaborers were working at the same "character" of work, and at the same "piece" of work. As we view the opinion of the Supreme Court rendered in this case on June 25, 1900, it has made an express finding of fact in direct opposition to the finding of the Court of Civil Appeals on the same question.

We think that the opinions of the court in the cases following bear out our contention that the question of whether or not plaintiff and his colaborers were fellow servants is a question of fact, and that this court has no authority to revise the decision of the Court of Civil Appeals thereon: Ryan v. Rust, 65 Texas, 529; Edwards v. Chisholm, 6 S. W. Rep., 558; West End Town Co. v. Grigg, 93 Texas, 451.

As the trial court found the amount of damages to which plaintiff would be entitled, in case there was legal liability on the part of the defendant, and as that finding of fact was in no way disturbed by the Court of Civil Appeals, such finding was an established fact, in this

cause, and this court erred in not rendering judgment for plaintiff for this sum, it having reversed this cause on other grounds.

Where the amount of damages to which plaintiff is entitled is found by the trial court, and on appeal to the Court of Civil Appeals the judgment of the trial court is affirmed, and the Court of Civil Appeals adopts the findings of the trial court except as to the amount of damages, and expressly declines to pass on this question because in the opinion of said Court of Civil Appeals the amount of damages to which plaintiff is entitled is wholly immaterial, the Supreme Court having reversed the case on questions which render the amount of damages material, should render the proper judgment in the case and not remand it to any court for further action. But if we are mistaken in this, and the Supreme Court would not feel warranted in rendering a judgment for the damages as found by the trial court, without the Court of Civil Appeals in some way passing on such finding, certainly it would be better practice to remand the case to the Court of Civil Appeals to render judgment in the cause in accordance with the principles of law as announced in the opinion of the Supreme Court in the case.

It is the established policy of the law in this State to remand to the trial court for retrial only in cases where questions of fact in a cause are not disposed of, and where all questions of fact are disposed of in the judgment by the trial court, as in this case, the cause should not be remanded to the trial court, but the proper judgment should be rendered, either in the Supreme Court or in the Court of Civil Appeals, as appears right and proper in the particular case. See arts. 972 and 1027, Rev. Stats. of Texas, 1895.

We submit that this court erred in that portion of its judgment rendered herein, wherein it remands this cause to the trial court for further proceedings. If however this court should not feel warranted, as intimated in its former opinion rendered in this cause, in considering a finding of fact made by the trial court and not in any way disturbed by the Court of Civil Appeals an established fact in the case, so as to warrant this court in rendering the proper judgment in this court on the facts so found, then we submit that under the policy of the law in this State as indicated in the statutes above referred to, and under the authority of the decisions of this court as announced in the case of Scott v. State, 24 Southwestern Reporter, 789, and in the case of Investment Co. v. Barclay, 55 Southwestern Reporter, 1111, this court should remand this cause to the Court of Civil Appeals for the Second Supreme Judicial District of Texas for further proceedings herein by said court in accordance with the opinion of this court in this cause.

*Stanley, Spoonts & Thompson,* also for defendant in error, in support of the motion for rehearing, urged: It is manifest from the entire Act of 1897 that it was not the intention of the Legislature to

abolish the fellow servant rule except as to those engaged in the work of operating cars, locomotives, and trains. If it had been the intention of the Legislature to disturb the doctrine, this result could have been accomplished in a very few words, and as it did not attempt to disturb it, it surely was never intended that the language used in framing the act should be so narrowly construed as to produce that result. As the Legislature intended to leave the fellow servant law in full force, with certain restrictions, it occurs to us that that interpretation should be given to the act which would accomplish that which the Legislature intended, viz., leave the fellow servant doctrine in full operation with restrictions imposed.

The term "character of work" is indefinite, but was evidently intended to mean the same "kind of work," the word character being used as synonymous with kind. Mr. Webster in giving his definition of kind, says, "nature; style; character; sort; fashion; manner; variety; description; class;" and again, "the kind of or something belonging to the class of; something like to." In construing statutes that meaning should be given to the words which is in ordinary acceptation, unless a contrary meaning is manifest from the context. Strictly speaking, work has no character, and therefore, in that sense, the term could not have been used. While all work is of a kind, we therefore conclude that the term "in the same character of work or service," as used in the act, means the same kind of work or service, or the same sort of work.

The holding of the court is in effect that because some of the men were carrying tools in their hands and others on a hand car, they were engaged in a different character of work. If this is true, then a man working on a dump and moving dirt with a scraper, and another moving it with a shovel, would be engaged in different characters of work, although they were working together, at the same time and place, and for a common purpose, on the same piece of work. The character of the work must be determined from the work itself and not from the means used to accomplish it. This is a test that it seems to us the court overlooked, and undertook to judge of the character of the work by the means used and not by the results. If I were to employ a number of men to gather cattle, the object I would have in view would be to have my cattle gathered up and penned, and because one man rode in a buggy, another on a horse, and the third fellow rode a bicycle, it could not be successfully said that they were not all engaged in the same character of work. In the case at bar the men were engaged in the work of carrying tools, some using a car and some were on foot, but the work itself was the carrying of the tools, and that act governed the character of the work, and it seems to us clear the men were all engaged in the same character of work.

The next question is with reference to the meaning of the term "same piece of work." Mr. Webster, in defining the term piece, says, "any one thing conceived of as apart from other things of the same

kind." Here again, we are confronted with the condition that the court, in determining what was meant by the "same piece of work," departed from the work itself and undertook to reach an interpretation of the statute by the means employed. If the statute is susceptible of the construction that the court placed on it, then all on earth it would have been necessary to have said in defining a fellow servant was that all persons were fellow servants who were working on the same piece of work and neither having supervision or control over the other. That this was not intended is manifest by the words in the statute. What particular work were these men engaged on at the time of the injury? They were engaged in moving tools from the place of work to a place of safety. That was the "piece of work" upon which they were engaged.

It seems to us that it would be absurd, in order for men to be engaged in the same piece of work that they must each be lifting at the same shovel of dirt, or each be handling the same hammer or the same ax. That would be a condition of affairs in which it would be impossible for any two active men to ever be engaged in the same piece of work. Apply it to the work itself and not the means being used to accomplish the work, and you will place a construction upon the statute that is intelligent and in harmony with the spirit of the entire act.

GAINES, Chief Justice.—This is an action brought by plaintiff in error to recover of the defendant in error damages for personal injuries alleged to have been inflicted upon him by the servants of the company.

The case was tried before the court without a jury, and the judge filed his conclusions of fact and law and gave judgment for the defendant. The conclusions are as follows:

"First. That on June 28, 1898, plaintiff was in the service of defendant as a section hand. The section of the road upon which plaintiff worked crossed the track of the Missouri, Kansas & Texas Railway, there being a bridge on defendant's road about 190 feet long at the place where it crossed the track of the Missouri, Kansas & Texas Railway, and this bridge at the point where it passed over the Missouri, Kansas & Texas Railway track was about twenty-five feet above the Missouri, Kansas & Texas Railway track, that is, from the rail on defendant's track to the ground was about twenty-five feet. About twenty other section men were at work with plaintiff on said section on that day. It was the custom of all the section men and their foreman who worked on said section to meet at the tool house, which is about 246 yards north of said bridge, at the beginning of each day's work, to procure the tools with which they worked. It was also their custom to return to said tool house and place their tools therein at the close of each day's work. The work of each day began and closed at the tool house. On the day above mentioned, at the

hour to quit work and return their tools to the tool house, plaintiff and others of the section men started north towards the tool house carrying the tools with which they had worked. Before reaching the bridge they met a hand car used on said section going south to get some tools to carry back to the tool house. This car was being operated by some of the section men whom the foreman had directed to go after the things. This hand car upon returning, on its way to the tool house, overtook plaintiff and two other of the section men while they were on the bridge walking towards the tool house, carrying their tools. It was running at a speed of about eight miles an hour. The other two managed to step onto the ends of the cross ties outside the rails before the car struck them, but plaintiff failed to do this and was run over by said hand car at the point on defendant's track just above the track of the Missouri, Kansas & Texas Railway and was run over by said hand car and injured. I find that the men operating the hand car were negligent in running upon plaintiff, and that plaintiff did not contribute to his injury by any negligence upon his part; and I find that plaintiff sustained damage to the amount of $1000. Yet I render judgment for defendant, because I conclude that the plaintiff and the section men operating said hand car were fellow servants, and I further find that plaintiff was not engaged in operating the trains, cars, or locomotives of defendant.

"The above finding as to the amount of plaintiff's damage is not made at the request of plaintiff, but is made over his objection."

The case having been appealed to the Court of Civil Appeals, the conclusions of fact and law were adopted by that court and the judgment was affirmed.

The trial court's conclusion that the servants upon the hand car whose negligence caused the injury, were the fellow servants of the plaintiff, was assigned as error in the Court of Civil Appeals and is assigned in this court.

That, according to the rulings of this court, these employes would have been fellow servants at common law, there can be no question. But the common law in regard to fellow servants has been changed by statute in this State. The Legislature has passed three acts upon the subject, each of which has had the effect of placing restrictions upon the rule. The first was approved March 10, 1891, and in so far as it bears upon the question before us, it reads as follows: "Sec. 2. That all persons who are engaged in the common service of such railway corporations and who, while so engaged, are working together at the same time and place to a common purpose, of same grade, neither of such persons being intrusted by such corporations with any superintendence or control over their fellow employes, are fellow servants with each other; provided, that nothing herein contained shall be so construed as to make employes of such corporation, in the service of such corporation, fellow servants with other employes of such corporation, engaged in any other department or service of such corporation.

Employes who do not come within the provisions of this section shall not be considered fellow servants."

The second section of the act approved May 4, 1893, seems merely to have extended the benefits of the section just quoted to the employes of the receivers, managers, or persons in control of railways. The Act of June 18, 1897, makes more sweeping changes. The first section excludes all persons "engaged in the work of operating the cars, locomotives, or trains" of a railroad company from the rule of fellow servants. Section 3 is a substitute for section 2 of the previous act, and is as follows: "All persons who are engaged in the common service of such person, receiver, or corporation, controlling or operating a railroad or street railway, and who while so employed are in the same grade of employment and are doing the same character of work or service and are working together at the same time and place and at the same piece of work and to a common purpose, are fellow servants with each other. Employes who do not come within the provisions of this section shall not be considered fellow servants."

The additional limitations placed upon the rule by the language just quoted are two: First, the employes must be doing the same character of work; and, second, they must be working at the same piece of work.

In determining this case, we may concede for the sake of the argument that the men who were engaged in carrying in the tools at the time the accident occurred were working together at the same time and place and to a common purpose. They were clearly of the same grade of employment. The questions then to be determined are: Were the men who were operating the hand car and the plaintiff engaged in the same character of work; and, were they engaged in the same piece of work, within the meaning of the statute? Neither the meaning of the terms, "character of work," nor that of the words, "same piece of work," is at all clear. In a very broad general sense, all ordinary laborers doing work which requires no especial skill may be said to be engaged in work of the same character. On the other hand, employing the word in a very restricted sense, the man who holds the spike may be said to be engaged in a different character of work from that of the servant who drives it. It would seem that the former meaning is too general while the latter is probably too restricted. So, too, with the term "piece of work." In a general sense, changing the rails upon the same part of a railroad track is the same "piece of work." In a limited sense, the handling of the rails and the driving of a spike is a different piece of work. When applied to the complicated constructions and repairs incident to the business of railroads, terms more indefinite could hardly have been found. We must therefore forbear the attempt to lay down any general rule to be followed in their construction and application and content ourselves with the endeavor to apply them to the particular facts of this case. The work immediately at hand when the injury was inflicted was the carrying of the

tools to a place of safety. For the accomplishment of this purpose, some of the employes (including those through whose negligence the injury was inflicted) were using a hand car, while others, including the plaintiff, were merely carrying them in by hand. The means employed by the former were so distinctly different from those in use by the latter that we are of opinion that they were engaged in a different character of work within the meaning of the statute.

Nor do we think that it can be said that at the very time of the accident, the plaintiff and those operating the hand car were doing the same piece of work. If the injury had been inflicted by one of the employes working the hand car upon another who was then engaged in operating the same car, it should be held that they were engaged upon the same piece of work. But it would seem that each employe who was carrying one or more tools without the aid of another was engaged in a different piece of work from that which was being done by any one of his coemployes.

Our conclusion is that the court erred in holding that the servants upon the hand car were fellow servants with the plaintiff, and therefore the judgment must be reversed.

When the facts have been found by the trial judge, it is the ordinary rule, in case the judgment be reversed, to render judgment upon the facts. But in this case the plaintiff in error assigned in the Court of Civil Appeals that the trial court erred as to the amount of damages. The Court of Civil Appeals having concurred with the trial court in holding that the plaintiff was not entitled to recover, expressly declined to pass upon the question as to the amount of the damages. We are of opinion that we ought not to accept the finding of the trial judge as an established fact and to render judgment accordingly, in the absence of at least an implied approval of that finding by the appellate court. For this reason, we think the cause ought to be remanded for a new trial.

Accordingly, the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*