## Chicago, Rock Island & Texas Railway Company v. G. J. Long.

Decided March 28, 1903.

**1.—Bill of Exceptions—Refusal of Continuance.**

The action of the trial court in overruling a motion for a continuance will not be reviewed where the bill of exceptions thereto does not contain the motion, or in any other way sufficiently identify it.

**2.—Negligence—Injury to Employe—Railroad Hand Car.**

Evidence in an action by a railroad trackman for injury resulting from his being struck on a bridge by a defective hand car approaching from the rear and running eight miles an hour, held to show negligence on the part of the employes in charge of the car, and absence of contributory negligence on plaintiff's part.

**3.—Same—Ordinary Care—Tools for Servant—Charge.**

A charge that it is the duty of railway companies to use reasonable care in furnishing their employes implements and appliances with which to work and to see that the same are ordinarily safe, was not objectionable as imposing a higher degree of care than the law requires, where the jury were told in the same paragraph that the care which said companies are bound to use is such as an ordinarily prudent person would use in such matters.

**4.—Same—Discovered Peril.**

Where the evidence tended to show that the employes operating the hand car saw plaintiff ahead on the track, and could by the exercise of ordinary care have discovered his danger in time to have stopped before injuring him, and could have stopped in time to avoid the injury after having actually discovered such peril, it was sufficient to authorize instructions upon the issues of failure to use ordinary care to discover plaintiff's danger, and upon discovered peril.

**5.—Same—Contributory Negligence—Burden.**

The case held not to come within any of the exceptions to the general rule that the burden of proof is upon the defendant to show contributory negligence, and special charges presenting different phases of contributory negligence were properly refused where they summarily required a verdict for defendant in the event of a finding of contributory negligence, thereby excluding the issue of discovered peril.

**6.—Same—Avoiding Injury—Presumption—Charge on Weight of Evidence.**

It would have been on the weight of evidence for the charge to have instructed that the operatives of the car could act upon the presumption that plaintiff would leave the track in time to avoid the injury, he having done or said nothing to indicate that he would get out of the way.

**7.—Same—Duty of Discovering Peril—Charge—Harmless Error.**

Defendant was not harmed by an instruction that it was the duty of the employes in charge of the car to use ordinary care to discover and avoid injury to persons on the track, where the court had already charged that plaintiff was not entitled to recover if such employes used all reasonable means to avoid injuring him after discovering his peril.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*N. H. Lassiter, Robt. Harrison, Jas. A. Graham,* and *J. M. Chambers,* for appellant.

*L. C. Barrett* and *W. S. Jameson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant, the Chicago, Rock Island & Texas Railway Company, presents this appeal complaining of a judgment rendered against it in the District Court of Montague County in the sum of $2500 in favor of appellee, G. J. Long, for personal injuries. This is the third appeal, and the second for this appellant (94 Texas, 53, 57 S. W. Rep., 802; 26 Texas Civ. App., 601, 65 S. W. Rep., 882). The facts material to our disposition of the appeal are substantially as follows: On June 27, 1898, appellee was an employe of appellant, engaged in section work with a steel gang near the town of Ringgold, in Montague County. A number of other employes were engaged with appellee in the section work under the control of one McCurdy, their foreman. There was a tool house north of a bridge where the line of appellant crossed the line of the Missouri, Kansas & Texas Railway track, and it was the rule of the section foreman and his crew to meet at this tool house at the beginning of each day's work to procure the tools with which they worked, as it was also their custom to return to the tool house and place their tools therein at the close of each day's work. The bridge mentioned was above the tracks of the Missouri, Kansas & Texas Railway, and was 190 feet long. On the day above mentioned when the section men started in from their work carrying their tools to the tool house, they were all on the south side of the bridge, while the tool house was on the north. The appellee and two other men were walking in carrying their tools, while other hands were bringing their tools in on the hand car. This hand car, when it started for the tool house, was some 360 yards from appellee, who was at the south end of the bridge. While at this point appellee looked back and saw the hand car, not then in motion. While appellee and his companions were on the bridge—about midway— the hand car overtook them, and while his companions stepped aside and were unhurt, he was run over and injured. The car was running at a speed of some eight miles an hour, and the employes in charge and operating the car saw appellee from the time the car started in until he was run over. We conclude from the evidence that appellee was guilty of no negligence which in any way contributed to his injuries, but that same were caused by the negligence of appellant's employes operating the hand car; also that appellee's injuries are permanent, and that he has been damaged in an amount equal to the verdict. Other conclusions will appear in connection with our discussion of the assignments of error.

We can not consider the first question presented in appellant's brief, which seeks to have us review the action of the court in overruling its application for a continuance of the cause, for the reason that the bill

of exception taken at the time does not contain the motion for such continuance, nor in any other way sufficiently identify the same. The motion is therefore not properly a part of the record so that we may consider it. Rules 55 and 86, 67 S. W. Rep., pp. 24 and 26.

It is complained that the court erred in instructing the jury that, "It is the duty of railway companies to use reasonable care in furnishing to their employes implements and appliances with which the said employes are to perform their work, and to see that such implements are ordinarily safe and appropriate ones to be used," because this was placing upon appellant a higher duty than that imposed by law, and because there was no evidence raising such issue in the case. If the part here quoted constituted the entire charge upon the subject, there would probably be just cause for complaint upon the ground first stated, but in the same paragraph the jury were pointedly told that, "The care which said companies are bound to use is such as an ordinarily prudent person would use in such matters." This is sanctioned by the decisions. Galveston H. & S. A. Ry. v. Gormley, 91 Texas, 393, 43 S. W. Rep., 877; International & G. N. Ry. v. Williams, 82 Texas, 342, 18 S. W. Rep., 700. There was ample evidence from which the jury might have found that the hand car was old and worn out and that the brake was out of repair, from which evidence the issue of negligence in this respect was fairly raised and properly submitted. In fact we think the evidence showed that the car was old and worn and the brake out of repair, and that had it not been for such defects the car would have been stopped before appellee was run down. This conclusion results in our overruling the sixth assignment of error.

It is further complained that the court should not have instructed the jury upon the issues of failure to use ordinary care to discover appellee's danger, and upon discovered peril. It is contended that the evidence did not authorize the submission of these issues. We think the evidence was sufficient to call for such charges. It tended to show that the employes operating the hand car saw appellee ahead on the track, and could, by the exercise of ordinary care, have discovered his danger in time to have stopped before injuring him. It also tended to show that by the use of the same degree of care they could have stopped in time to have avoided the injuries after having actually discovered his peril.

We do not think this case comes within any of the exceptions to the general rule that the burden of proof is upon the defendant to show contributory negligence, and the charge rightfully placed it there. Missouri K. & T. Ry. v. Gist, 31 Texas Civ. App., 662; Gulf C. & S. F. Ry. v. Shieder, 88 Texas, 152, 30 S. W. Rep., 902; Texas & P. Ry. v. Mayfield, 23 Texas Civ. App., 415, 56 S. W. Rep., 942.

Special charges numbers 2 and 7 presenting different phases of contributory negligence were properly refused. Each summarily required a verdict for appellant in the event of a finding of contributory negligence, thereby excluding the issue of discovered peril.

The question of fellow servant was decided adversely to appellant's

contention upon a former appeal by the Supreme Court, upon substantially the same facts, and hence need not be noticed. Long v. Chicago, R. I. & T. Ry., 94 Texas, 53, 57 S. W. Rep., 802.

The fifth requested charge was properly refused. It would be upon the weight of evidence for the court to say to the jury that a railway company's operatives may act upon the presumption that a person walking upon the track will leave the same in time to prevent injury, unless such person does or says something to indicate that he will not get out of the way.

It is contended that the case should be reversed because of the second paragraph of the court's charge which reads: "2. It is the duty of the employes of the defendant having in charge and operating the hand car on the railway track of said defendant, to have used ordinary care to discover and avoid an injury to persons upon its railway track. The care to be used is to be considered with reference to the risk to be incurred, and must be reasonably proportioned to such risk; and a failure to use such ordinary care on the part of said employes would be negligence on the part of the defendant for which it would be liable in damages for an injury resulting from such negligence, unless such liability should be defeated by contributory negligence on the part of the party injured."

The objection to this charge is that the uncontradicted evidence shows that appellant's employes saw appellee from the time the hand car started to the tool house until he was injured, and hence that the issue submitted was one not raised by the evidence. This charge was held good by this court upon the former appeal, though not as against this objection, but aside from this, it is certain that, considered in the light of the entire charge, the appellant has suffered no injury therefrom. In the sixth paragraph is this language: "If you find from the evidence in this case that the employes of the defendant operating said hand car discovered the plaintiff upon said trestle, and discovered the perilous condition of plaintiff, and as soon as the employes of the defendant actually discovered the perilous condition of plaintiff they used all reasonable means at their command to prevent an injury to plaintiff, then you will find for the defendant." Under the undisputed facts of this case the charge was equivalent to telling the jury to return a verdict in favor of the defendant if the employes of appellant used all reasonable means at their command to avoid injuring appellee after discovering his peril, thereby making it immaterial whether appellant used ordinary care to discover appellee on the track or to discover his peril. The appellant has little room to complain of the manner in which the case was submitted to the jury.

Further we might add that the charge complained of was a mere general statement of the duty of car operatives, and was therefore not calculated to confuse the jury, especially in view of the specific instruction applying the law to the facts of this case.

All assignments are overruled and the judgment affirmed.

*Affirmed*

Writ of error refused.