### POSEY v. WHITE HOUSE LUMBER CO.
(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1911.)

1. APPEAL AND ERROR (§ 544*)—QUESTIONS PRESENTED FOR REVIEW—BILL OF EXCEPTIONS—NECESSITY.

In the absence of a bill of exceptions, the denial of a continuance will not be reviewed on appeal, since, under the direct provisions of District Court Rule No. 55 (67 S. W. p. xxiv), such rulings can become a part of the record only when preserved in the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 544.*]

2. APPEAL AND ERROR (§ 548*) — REVIEW — BILL OF EXCEPTIONS—NECESSITY.

In the absence of a bill of exceptions, the admission of evidence cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2436; Dec. Dig. § 548.*]

3. CORPORATIONS (§ 513*)—ACTIONS—PLEADING—CHANGE OF NAME.

In an action by a lumber corporation on an account for lumber sold, a petition alleging that since the sale the name of the corporation had been changed, but that no other change had been made, and that the present corporation succeeded to all the rights, liabilities, and contracts of the former corporation, was not defective in failing to allege an assignment of the account.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 513.*]

Appeal from Ochiltree County Court; R. I. Hanna, Judge.

Action by the White House Lumber Company against George A. Posey. From a judgment for plaintiff, defendant appeals. Affirmed.

S. J. Allen, for appellant. Hoover & Taylor and R. T. Correll, for appellee.

HALL, J. This suit was brought by the Tepe-Hoover Lumber Company against appellant on an open account for lumber sold, and judgment was rendered in favor of appellee for $393.73 and for $70 in favor of appellant on his cross-action.

[1] Appellant assigns as error, first, the overruling of the motion for a continuance. The action of the court on his application cannot be reviewed by this court because no bill of exception was taken and made a part of the record. District Court Rule No. 55 (67 S. W. xxiv). Contreras v. Haynes, 61 Tex. 103; Waites v. Osborne, 66 Tex. 648, 2 S. W. 665; Moss v. Katz, 69 Tex. 411, 6 S. W. 764; Chicago, etc., Ry. Co. v. Long, 32 Tex. Civ. App. 40, 74 S. W. 59; Pierce v. Galveston, etc., R. Co., 108 S. W. 979.

The second assignment complains of the action of the court in overruling defendant's special exception to the affidavit attached to the sworn account. It appears from the record that an amended account and affidavit was filed which was sufficient under the statute, and this assignment must be overruled.

[2] The third assignment complains of the admission in evidence of the sworn account, but no bill of exception was taken to this action of the court, and this assignment cannot properly be considered. As before stated, however, the amended account and affidavit was sufficient.

[3] The sixth assignment complains of the action of the court in overruling defendant's special exception to paragraph 2 of plaintiff's petition, in that it is alleged the White House Lumber Company was the successor to the Tepe-Hoover Lumber Company, and fails to allege the assignment of the account sued on or the date of the assignment, thereby failing to put the defendant on notice of any claim of the said White House Lumber Company. It appears from the pleadings of the appellee that, after this suit was filed by the Tepe-Hoover Lumber Company, by

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

an amendment of its charter, on the 15th day of April, 1910, the name of the Company was changed to the "White House Lumber Company," and that no other change was made. The allegations are to the effect that the White House Lumber Company succeeded to all the rights, liabilities, and contracts of whatsoever nature and kind that were due or owing to or executed by the Tepe-Hoover Lumber Company, and as such was entitled to prosecute this suit to a final judgment and have judgment rendered in its favor. This allegation was sustained by the evidence. The sixth assignment is therefore overruled.

There being no reversible error apparent, the judgment of the lower court is affirmed.