CRANFILL et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.†

(Court of Civil Appeals of Texas. Austin. Jan. 3, 1912. Rehearing Denied Jan. 31, 1912.)

APPEAL AND ERROR (§ 544*)—BILL OF EXCEPTION—NECESSITY.

Under district court rule 55 (67 S. W. xxiv), providing that rulings upon application for a continuance, when complained of as erroneous, must be presented in the bill of exceptions, the overruling of an application for a continuance will not be reviewed in the absence of a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 544.*]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

An action by the Fidelity & Deposit Company of Maryland against J. B. Cranfill and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Allan D. Sanford and A. B. Flanary, for appellants. O. L. Stribling, for appellee.

RICE, J. When this case was called for trial, appellants, who were defendants below, through their counsel, announced not ready for trial, and prepared their application for a continuance or postponement of the cause to some future day of the term, which motion was by the court overruled, to which action of the court the defendants excepted. This objection to the action of the court was not preserved by a bill of exceptions, however; but the record merely contains a copy of the motion for a continuance, and the judgment recites that the motion was overruled, to which ruling of the court the defendants excepted. The trial proceeded, resulting in a judgment in favor of appellee, and appellants have prosecuted this appeal, urging that the court erred in overruling their motion for a continuance and proceeding with the trial.

In the absence of a bill of exception, this court cannot revise the action of the lower court in overruling a motion for a continuance. Rule 55 (67 S. W. xxiv) for the guidance of district and county courts provides that the ruling of the court upon applications for continuance, change of venue, etc., when complained of as erroneous, must be presented in the bill of exceptions, duly signed by the judge, and filed by the clerk, etc., and without such bill of exceptions it has been uniformly held by our courts that the appellate court is without authority to consider the action of the trial court in overruling the motion for continuance. See Campion v. Angier, 16 Tex. 93; Contreras v. Haynes, 61 Tex. 104; T. & P. Ry. Co. v. Mallon, 65 Tex. 117; Cunningham v. State, 74 Tex. 513, 12 S. W. 217; Philpowski v. Spencer, 63 Tex. 604; Simpson v. Texas Tram Co., 51 S. W. 655; Texas Midland v. Byrd, 110 S. W. 199; Railway Co. v. Long, 32 Tex. Civ. App. 40, 74 S. W. 59; Railway Co. v. Bowles, 32 Tex. Civ. App. 118, 72 S. W. 451; Panhandle Ry. Co. v. Kirby, 108 S. W. 498; Trabue v. Cook, 124 S. W. 455; District Court Rule 55 (67 S. W. xxiv).

In Campion v. Angier, supra, Mr. Justice Wheeler says: "The correct practice doubtless is in no case to revise the judgment of the court refusing a continuance, unless the party seeking a reversal on that ground has reserved the point by a bill of exceptions. It not infrequently happens that we would be at a loss to discover upon what ground a continuance has been refused were it not for reasons contained in the bill of exceptions. When called upon to sign a bill of exceptions, the court may state very satisfactory reasons apparent to the court there, which would not otherwise be made to appear to this court."

In Philpowski v. Spencer, supra, it is said: "Although it appears from the judgment that the plaintiffs moved for a continuance, and that the application was overruled, and the action of the court was excepted to by the plaintiffs, there is no bill of exceptions in the record showing that action of the court, nor the facts and circumstances attending it. Without such bill of exceptions this court will not revise the ruling complained of."

In Railway Co. v. Bowles, supra, it is said: "The defendant in the court below presented an application which was overruled by the court. The order overruling the application shows that the defendant excepted thereto, but the exception was not preserved by a bill. Appellant attacks the rule, which provides that in the absence of the bill of exceptions the action of the trial court in overruling applications for a continuance will not be revised, and presents an able argument in support of the contention that the rule is in conflict with the statute, and should not be followed. We think, however, that the rule is not in conflict with the statute, as contended, and that it is based upon sound reason, and is settled by authority. The rule has been applied since the adoption of the present statutes and rules of court. It is supported by an unbroken line of decisions, and the question cannot be regarded as an open one."

---

The present case, we, think, furnishes evidence of the wisdom of the rule in question; and if a bill of exception had been presented to, the court, as required, a satisfactory explanation might' have been given by him as to why the motion was overruled. But, be this as it may, we are, compelled to follow the law as we find it written, and hold that, in the absence of a bill, of exceptions, we have no authority to pass upon the question presented.

The judgment of, the court below is therefore, in all things, affirmed.

Affirmed.