W. T. MILES AND ANOTHER v. J. L. DAVIS AND WIFE.

1. Where an execution against sureties on a replevin bond is for a greater amount than their bond, the execution is liable to be enjoined for the excess.

2. Sureties on a replevin bond are bound only for the value of the property not forthcoming on demand; and as the sheriff's valuation of the prop-

erty levied on in this case was not in accordance with law, he having
made an aggregate valuation of real and personal property, the sure-
ties should have been allowed, on their injunction bill, to prove the value
of the property not forthcoming, and to enjoin the execution as to the
residue of the judgment.

3. Where an attachment has been levied on both real and personal property,
and the property attached has been replevied, the replevin bond will be
regarded as applying to the personal property only.


APPEAL from Bastrop.    Tried below before the Hon. J. P.
Richardson.

The opinion of the court sufficiently indicates the facts of
the case.

*Jones & Sayers*, for appellants.

*Phil. Claiborne*, for the appellees.

OGDEN, J.    Appellees brought suit by an attachment against
Hollender, and levied upon personal and real property valued
in the aggregate, by the sheriff, at six hundred dollars. Hollen-
der replevied the property, giving appellants as security, in a
bond for five hundred and five dollars. Appellees subsequently
obtained a judgment against Hollender for the sum of five hun-
dred and forty-three dollars and ninety-eight cents. The de-
fendant Hollender, and his sureties, failing to produce the per-
sonal property to satisfy the judgment, the replevin bond was
indorsed "forfeited," and execution issued against the securities
for the full amount of the judgment, interest, and costs, and
was levied upon property of appellants to satisfy the same.

The appellants paid upon said execution two hundred and
twenty-five dollars, the full value, as they claim, of the personal
property seized under the attachment, including interest and
cost, and then sued out an injunction against the balance of
the execution issued against them. A demurrer to the petition
for an injunction having been sustained by the court, they have
appealed. The execution issued against appellants was for a

larger sum than that for which they were bound under the replevin bond, and in so far should have been enjoined at least, and we think the petition was not demurable, on that account.

The replevy bond was evidently executed under the 12th Section of the act of the 11th of March, 1848, and was given for the return of the property, or the value thereof, and the sureties were liable on the bond, only for the value of the property not forthcoming on demand.

The appraisement made by the sheriff, and indorsed upon the bond, is not in compliance with the law, in that he appraises personal property and realty all together, as though they were but one thing. One object of the law, in requiring the sheriff to indorse on the writ the value of the property levied upon, is that the defendant may replevy any one of several articles, should he so desire. It can hardly be presumed that the original defendant intended to replevy the land, and it would appear to be a great hardship to hold the securities responsible for the value of the land, which could not be removed, and which was accessible to the sheriff, out of which he might make the debt.

It is therefore quite evident that the replevy bond was given for the forthcoming of the personal property, or its value, and that in consequence of the failure of the sheriff to do his duty as the law requires, the appellants should now have the right, under proper proceedings, to prove the real value of the personal property not forthcoming, and for the return of which they became bound, as a proper measure of their responsibility.

We think the court erred in sustaining the demurrer to appellant's petition for an injunction, and the judgment is reversed and the cause remanded.

Reversed and remanded.