## DAVID WALLACE & CO. V. BOGEL & BRO.

(Case No. 1955.)

1. ATTACHMENT LIEN—DURATION—FORECLOSURE—Before the adoption of the Revised Statutes, the lien fastened upon attached property and preserved during the progress of the suit, was not presumed to have been abandoned, unless there was something in the judgment or in the record of the case inconsistent with its continuance; and recovery of a personal judgment was sufficient foreclosure of the lien. See opinion. (Authorities reviewed.)

APPEAL from Marion. Tried below before the Hon. W. P. McLean. This case was before the supreme court at a former term and was reported in 62 Tex., 636. The facts are sufficiently stated in the opinion.

*Geo. T. Todd*, for appellants, cited: Latham v. Selkirk, 11 Tex., 320; Miller v. Rogers, 49 Tex., 398; McCreery v. Fortson, 35 Tex., 641; 36 Tex., 19, Freeman on Judg., sec. 334,5; R. S., 4832, *et seq.*, 4843-5; Frieberg v. Elliott, 64 Tex., 369; Wallace v. Bogel, 62 Tex., 636.

*H. McKay*, for appellees, cited: R. S., 180, 1333, 1358; Pas. Dig., 5314-5316.

WILLIE, CHIEF JUSTICE.—This was a trial of the right of property in a stock of goods, in which Wallace & Co. were plaintiffs, and Bogel & Bro., claimants, and judgment was rendered for the claimants, the

cause having been submitted to the court upon both the law and the facts. Plaintiffs had sued out a writ of attachment against Crittenden & Kibbe, which was levied upon a stock of goods found in the possession of Bogel & Bro., and which they claimed under an assignment from the defendants in the attachment. The plaintiffs' theory was that Bogel & Bro. had knowingly received from Crittenden & Kibbe, a fraudulent assignment of the goods; and the court below sustained this position, but gave judgment for the claimants, because, in the judgment rendered in the attachment they had not foreclosed their lien upon the goods. Bogel & Bro. excepted to the ruling of the court as to the fraudulent character of the assignment, but have assigned no error, and hence their point can not be considered.

The judgment in the original suit was rendered in 1877, and hence the provision of Art. 180 of the Revised Statutes, requiring an express foreclosure of an attachment lien to appear in the judgment does not bear upon the case.

Before the adoption of the Revised Statutes there was no such requirement; the question, therefore, is: Where this is the case, does a failure to expressly foreclose the lien in the judgment dissolve the attachment? It is apparent from the record, that this was not a judicial attachment, but that citation was regularly served, so as to entitle the plaintiffs to the personal judgment they had obtained. The attachment was ancillary, and intended to seize property, and retain a lien upon it, so as to subject it to any personal judgment that might be rendered for the plaintiffs in the cause. The proceeding was, therefore, *in personam*, and the proper judgment in behalf of the plaintiff was a recovery of such sum as he showed to be due him from the defendants. Whether the judgment should go further and expressly foreclose the attachment lien, without any statutory provision to that effect, must depend upon whether such express foreclosure is necessary to a sale of the attached property in satisfaction of the judgment. There is no doubt but that the lien acquired by the levy must be preserved by the recovery of a judgment against the defendant; but the question is as to what kind of judgment will preserve the lien, and what will be treated as abandoning it. In some states it is required by statute that the judgment shall contain an order to sell the attached property, and in those states a failure to incorporate this special order in the judgment releases the attachment lien. Wasson *v.* Cone, 89 Ill., 46; Lowery *v.* Magee, 75 Ind., 508.

In other states it seems to be the practice to add to the judgment the words "with privilege upon the property attached." Waples on Attachments, 506.

This is, in effect, a reservation of a right to sell the attached property in payment of the judgment. Neither in the foregoing states nor in any others to whose reports we have access, is it held that an express foreclosure of the lien must appear in the judgment. The lien appears to be treated as sufficiently foreclosed or preserved by the personal judgment, but the consequent order of sale must follow to carry the judgment into effect, or the order or privilege of sale is itself, a recognition of the lien sufficient to preserve it. In other states the rule of decision seems to be that the mere rendition of a personal judgment against the defendant by implication preserves the lien, and that there need be neither express foreclosure of the lien nor reservation of a privilege to sell the property, nor an order to sell contained in the judgment. Betancourt *v.* Everlin, 71 Ala., 461; Young *v.* Campbell, 5 Gilman, 80; Waynant *v.* Dodson, 12 Ia., 22; Coleman *v.* Waters, 13 W. Va., 278.

The lien fastened upon the attached property through the diligence of the plaintiff, and kept alive during the progress of the suit, is not presumed to be abandoned unless there be something in the judgment or in the record of the cause inconsistent with its continuance. This view seems best supported by authority and borne out by reason. If the property is subject to the attachment and the writ is not quashed, the recovery of a final personal judgment by the plaintiff is all that is necessary to entitle him to a sale of the property attached. Upon the question of the right to enforce the lien by a sale of the property, nothing more than the right of the plaintiff to recover the debt is in issue between the plaintiff and the defendant on the trial of the cause, and hence this is all that the judgment need determine.

To determine that in his favor, is to decide that he has a right to sell the attached property to satisfy his judgment. It is in effect a recognition of the lien, and, if that be necessary, a foreclosure of it and the process of the court is at the service of the plaintiff to carry the judgment into effect. This court has held that, although upon a plea in reconvention setting up the wrongful suing out of the attachment, the issue may be decided in favor of the defendant, and judgment rendered accordingly, the attachment lien is not destroyed, and the property held under it may be ordered to be sold under the judgment to satisfy the plaintiff's debt. Dwyer *v.* Testard, 65 Tex., 432.

If the failure to specially foreclose is to release the lien, it must be because the plaintiff is presumed to abandon it, for he does not expressly do so; but how can a plaintiff be presumed to abandon what he has perfected by judgment? Does he, by securing a basis for the sale of the property, mean to prevent the sale altogether? The law is,

as stated by a late writer, as follows: "There is nothing sacramental in the form of the judgment recognizing the privilege upon attached property. Total omission of any mention of such privilege is not necessarily a defeat of the lien and a dissolution of the attachment. * * * "The judgment, though always personal in form, may be in effect against a thing. The effect may be such whether the decree is, in form, simply against the defendant personally or against him personally with privilege upon the property attached." Waples on Attachments, 511.

The judgment here provides that "execution may issue according to law," which might probably be construed to mean such execution as the plaintiff was entitled to have for the purpose of enforcing the judgment. This would include an order to sell the attached property, if one be proper and necessary, for it is held in our state that a *venditioni exponas* is a species of execution and included in that general term. Young *v.* Smith, 23 Tex., 598; Borden *v.* McRae, 46 Tex., 400; Lockridge *v.* Baldwin, 20 Tex., 303.

But the property had been delivered to a claimant, under bond. In such cases the statute authorized the plaintiff to have his execution against the general property of the defendant, so that he be not delayed by the attachment proceedings. If the claimant failed in the cause, and did not deliver the property in ten days, the bond, when forfeited, became a judgment; but if he did deliver it to the officer, there was no reason why the latter might not, upon application, have a *venditioni exponas* as in cases of property in his possession bound by a lien to be enforced by sale without any further proceedings in court. Lockridge *v.* Baldwin and Borden *v.* McRae, *supra.*

There is no lack of process under which a sale could be had of the attached property, without any further award of process than was contained in this judgment. Under a former attachment law, in a case where the property seized had been replevied, it was held by this court that it was not proper for the judgment to order a sale of the property, but a general execution only should be awarded. The defendant had a right to point out property to satisfy the judgment, and might choose to point out property other than that seized under the writ. Of this right he would be deprived if the plaintiff could have an order to first sell the attached property, before levying upon any other in satisfaction of the judgment. This ruling seems equally applicable to a case where a claim bond had been taken. An award of execution as in this case was proper under that decision.

In Cook *v.* Love, 33 Tex., 487, it was held that a failure to expressly foreclose in the judgment an attachment lien upon land was a release

of the lien. The opinion cites no authorities and gives no reason for this holding, and is against the weight of authority and the opinion of current text writers. Besides, as the plaintiffs had, pending the suit, bought the attached land from the defendants, it might well be presumed, in the absence of an express showing to the contrary, that he did not wish to foreclose a lien upon his own property. Waples on Attachments, *et supra;* Drake on Attachments, sec. 334.

We think all the foreclosure necessary is accomplished by the recovery of a personal judgment, and that the court below erred in finding to the contrary. For this error the judgment must be reversed and here rendered for the appellants, subjecting the property in controversy to the payment of their judgment in the attachment suit.

REVERSED AND RENDERED.

[Opinion delivered November 5, 1886.]