No. 2364.

## A. MOSS *v.* KATZ & MAYER.

1. **PRACTICE.**—The action of the court below in refusing to postpone the trial of a cause can not be considered in the absence of a bill of exceptions.
2. **ACCOUNT.**—The printed heading to an account of goods sold contained the following words and figures:

Terms } 30 days discount 5 per cent
Cash } 10 " " 6 " "

*Held*, in the absence of evidence to the contrary, that the price for the goods sold was due on delivery, yet, if the money was paid in thirty days, a discount of five per cent, and, if paid in ten days, a discount of six per cent would be allowed to the debtor.
3. **ATTACHMENT.**—In attachment proceedings, a prayer for the foreclosure of the attachment lien on personal property is unnecessary; the statute directs the foreclosure when judgment is for the plaintiff in attachment.

APPEAL from Ellis.    Tried below before the Hon. Anson Rainey.

*C. L. Edwards*, for the appellant.

No brief for the appellees.

WILLIE, CHIEF JUSTICE.    This suit was brought by Katz & Mayer against A. Moss, upon certain open accounts for goods sold and delivered.

A writ of attachment was prayed for and issued, but no prayer for foreclosure of the attachment lien is found in the petition. The defendant pleaded, among other things, that a large portion of the debt sued for was not due.    When the case was called for trial, the defendant's counsel applied for a postponement of the trial because of the absence of his client, whose attendance he could procure in a few hours, and by whom he expected to prove that a part of the claim sued on was not due.    It does not appear what became of this motion—whether it was overruled or not. If it was actually overruled, the defendant should have saved a bill of exceptions to this action of the court.    In the condition of the record, we can not revise the ruling of the court upon his motion, if any was made.

When the accounts were introduced in evidence, the defendant objected to them because they showed on their face that they were not due. This objection was overruled, and the appellant assigns error to this action of the court. The printed headings to some of the accounts contain words about as follows:

Terms } 30 days discount 5 per cent.
Cash } 10    "      "    6   "    "

**The** appellant contends that the court should have construed these words to mean that he was to have thirty days time on the accounts, and that length of time from their date had not elapsed when the suit was brought. It is not apparent, from the language of the headings, that this is their meaning. The more probable interpretation is that, whilst the terms of sale were cash and the money due immediately, yet, if the money were paid within thirty days, a discount of five per cent, and if within ten days six per cent would be allowed to the debtor. This is consistent with the language, and if it had the meaning claimed by the appellant, he should have proved it.

There was no necessity for a prayer for foreclosure to be contained in the petition. The statute makes it the duty of the court to foreclose the lien in all cases where an attachment is levied upon personal property and judgment is obtained for the plaintiff. This it must do, whether asked in terms or not. There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered November 22, 1887.