## W. A. PRIUTT v. L. KELLEY.

(No. 3490.)

APPEAL from Navarro County.  Opinion by WILL-SON, J.

FROST & ETHERIDGE, counsel for appellant.

No counsel appeared for appellee.

§ 175. *Cost on appeal from justice's court, how adjudged.*  Appellant instituted this suit in justice's court to recover $200 rent of appellee, and sued out a distress warrant.  Appellee pleaded in reconvention for damages. In justice's court appellant recovered judgment for $82.29 rent, and appellee recovered judgment on his plea in reconvention for $100.  On a trial *de novo* in the county court, on appeal, appellee recovered judgment that appellant take nothing, etc., and the costs of both courts were adjudged against appellant; no reason for so adjudging the costs being shown in the record.

By his appeal, appellant relieved himself of the judgment rendered against him in the justice's court, and was therefore entitled to recover the costs incurred in the county court.  [R. S., art. 1432; 3 App. C. C., § 235.]

§ 176. *Landlord and tenant; landlord is entitled to recover rent although distress warrant may be illegal.* In effect, the court charged the jury that, if the distress warrant was illegally sued out — that is, if the ground stated in the affidavit for the distress warrant was untrue — they would find for the defendant.  This charge was erroneous.  Plaintiff's right to recover did not depend upon the legality of the distress warrant.  If a rental contract existed, as alleged by plaintiff, he was entitled to recover upon it regardless of the existence of the ground alleged in the affidavit for the distress warrant.  [Dwyer v. Testard, 65 Tex. 432; Wallace v.

Bogel, 66 Tex. 574; Cloud v. Smith, 1 Tex. 611; 3 App. C. C., § 421.] The special charges requested by appellant should have been given.

December 6, 1890.          Reversed and remanded.