## O. C. BAKER V. PITLUK & MEYER.

### No. 2553. Decided October 23, 1918.

**1.—Attachment—Justice Court Judgment—Foreclosure of Lien—Sale.**

A judgment in Justice Court, on recovery by plaintiff, foreclosing the lien of an attachment issued therein, was not void as beyond the jurisdiction of such court; and a sale, as under execution, of the attached real estate, by virtue of such foreclosure, regularly made, passed title to the purchaser. (Pp. 240-242.)

**2.—Same—Constitution.**

The liens referred to in article 5, section 8, of the Constitution, for foreclosure of which jurisdiction is thereby restricted to the District Court, are such as were created by the act of parties, as existed before the suit was commenced, and formed the basis of it or an important part of same. Hillebrand v. McMahan, 59 Texas, 450, approved and followed. (P. 241.)

**3.—Same.**

The Justice Court, in an attachment suit, may enforce plaintiff's right to subject the attached property to his judgment, either by express foreclosure of the attachment lien, or by a simple money judgment enforced by execution against the attached property and accomplishing the same result as express foreclosure. (Pp. 242, 243.)

**4.—Cases Reviewed.**

Hillebrand v. McMahan, 59 Texas, 450; Wallace v. Bcgel, 66 Texas, 574; Grizzard v. Brown, 2 Texas Civ. App., 585; LeDoux v. Johnson, 23 S. W.,

405; Rule v. Richards, 149 S. W., 1075, 159 S. W., 389; McCall v. Page, 155 S. W., 655, approved and followed. Rulings in Shandy v. Conrales, 1 App. C. C. (White & W.), sec. 238; Newton v. Heidenheimer, 2 App. C. C. (Willson), 126; Rowan v. Shapard, 2 App. C. C. (Willson), secs. 297, 302; Miller v. Schneider, 2 App. C. C. (Willson), sec. 372; Wright v. Cullers, 2 App. C. C. (Willson), sec. 750; Hamill v. Samuels, 135 S. W., 747, and Patterson v. McMinn, 152 S. W., 225, disapproved. (Pp. 241-244.)

5.—Statutes.

Pasch. Dig., Laws, arts. 139, 142, 143, 145, 146; Act of March 30, 1885, Laws, 19th Leg., p. 73; Revised Statutes 1895, art. 214; Revised Statutes, 1911, art. 268, reviewed and discussed. (Pp. 241-243.)

Questions certified from the Court of Civil Appeals for the Sixth District, in an appeal from Smith County.

*W. R. Petty,* for appellant, cited: Constitution of the State of Texas, art. 5, sec. 8; Rev. Stats. of Texas, art. 214; Sayles' Rev. Stats. of Texas, art. 1098; Shandy v. Conrales, 1 App. C. C., 235; Newton v. Heidenheimer & Co., 2 App. C. C., 126; Milburn v. Smith, 33 S. W., 910; Johnson v. Goolsby Lbr. Co., 121 S. W., 883; Awalt v. Schooler, 128 S. W., 453; Hamill v. Samuels, 135 S. W., 746; Patterson v. McMinn, 152 S. W., 223.

*Fitzgerald, Butler & Bullock,* for appellees, cited: Hillebrand v. McMahan, 59 Texas, 450; Grizzard v. Brown, 2 Texas Civ. App., 585, 22 S. W., 252; Rule v. Richards, 149 S. W., 1073; Carpenter v. Anderson, 77 S. W., 291.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Questions certified from the Court of Civil Appeals of the Sixth Supreme Judicial District of Texas, in an appeal from the District Court of Smith County.

The certificate of the honorable Court of Civil Appeals is as follows:

"To the Honorable Supreme Court of the State of Texas:

"The suit was brought by appellees in trespass to try title to fifty acres of land. It was agreed that R. W. Baker is the common source of title of both appellant and appellees. On March 6, 1911, the Moore Grocery Company, a corporation, recovered a judgment in the Justice Court of precinct No. 1 of Smith County, Texas, against R. W. Baker for $67.06 and costs of suit. At the time of filing the suit an attachment was sued out and levied upon the land in suit. The judgment of the Justice Court is as follows:

"On this the 6th day of March, 1911, this cause coming on regularly for trial and the plaintiff appearing by its attorney and announced ready for trial, and the defendant, though duly and legally cited and service being in all things complete, failed to appear and answer herein, wherefore the plaintiff ought to recover of the defendant its damages by occasion of the premises; and it appearing to the court that

plaintiff's cause of action is liquidated and proven by a promissory note executed by the defendant, and that the amount due thereon is the sum of $67.06, together with 10 per cent interest thereon from December 9, 1911.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Moore Grocery Company, a Texas corporation, do have and recover of and from the defendant, R. W. Baker, the sum of sixty-seven and 6/100 ($67.06) dollars, together with 10 per cent interest from December 9, 1911, together with all costs in this behalf expended, and for all of which execution may issue.

"And it further appearing to the court that a writ of attachment issued out of the court on the 31st day of December, 1910, and the following described property was levied on under said writ of attachment, towit: (Here follows description of land.) And said attachment lien is hereby foreclosed on said real estate and the same ordered sold to satisfy this judgment as under execution."

On April 11, 1911, the justice of the peace issued and delivered to the sheriff the following writ:

"The State of Texas.

"To the Sheriff or any Constable of Smith County, Texas, Greeting:

"Whereas on the 6th day of March, 1911, Moore Grocery Co., a corporation, recovered in the Justice Court of precinct No. 1, Smith County, a judgment against R. W. Baker for the sum of sixty-seven and 6/100 ($67.06) dollars with interest thereon from the 9th day of December, 1911, at the rate of 10 per cent per annum and all costs of suit; and, whereas, the said judgment is a foreclosure of an attachment lien as it existed on 12-31-1910 on the following described property, towit: (Here follows description of land.)

"And that said property be sold as under execution in satisfaction of said judgment. And if said property shall sell for more than sufficient to pay off and satisfy said sums of money the excess shall be paid over to the said R. W. Baker. But if said property shall not sell for enough to pay off said sums of money, the balance due shall be made as under execution and such order of sale shall have the force and effect of a writ of possession, and the officer executing the same shall make a good and sufficient deed, and place the purchaser of said property in possession thereof within thirty days from date of sale.

"Therefore, you are hereby commanded that you proceed to seize and sell the above described property, as under execution, and make good and sufficient deed, and to place the purchaser of the same in possession hereof within thirty days after the day of sale, and you apply the proceeds thereof to the payment and satisfaction of said sum of sixty-seven and 6/100 ($67.06) dollars, together with the interest that may be due thereon and the further sum of ———— dollars, costs of suit, together with your legal fees and commissions for executing this writ. And if said property shall sell for more than sufficient to pay off and

satisfy said sums of money, then you are hereby directed to pay over the excess thereof to the defendant. But if you fail to find said property, or if the proceeds of such sale be insufficient to satisfy said judgment, then you are directed to make the money, or any balance thereof remaining unpaid, out of any other property of defendant, as in cases of ordinary executions.

"Herein fail not, but due return make hereof within sixty days, showing how you have executed the same.

"Given under my hand at my office in Tyler, Texas, this 7th day of April, 1911.

"S. C. Halverson,
"Justice of the Peace, Precinct No. 1, Smith County, Texas.

"Bill of costs. (Here follows itemized bill of costs.)"

Under this writ the sheriff sold the land in suit, after legally advertising the same, to the Moore Grocery Company, and made the grocery company a deed on May 2, 1911.

The appellees' title to the land is dependent upon the validity of the judgment of foreclosure and order of sale; and if the Justice Court entered a judgment exceeding its authority to do, the appellees have wholly failed to show title to the land sued for. The assignments involve the point of whether a Justice Court is empowered under the law to decree a foreclosure of an attachment lien on real estate and sell it under an order of sale. Being of the opinion that the judgment rendered by the Justice Court foreclosing the attachment lien on the real estate and directing an order of sale thereunder was void as beyond authority, and that the order of sale issued and delivered to the sheriff not being the "execution" defined and required by statute, no title passed to appellees by or under the sale, we reverse the judgment in appellees' favor. In a motion by appellees for rehearing it is insisted that our ruling is in conflict with Grizzard v. Brown, 2 Texas Civ. App., 584, 22 S. W., 252, and Rule v. Richards, 149 S. W., 1073. We still are of the opinion that the Justice Court has not authority under article 268, Revised Statutes of 1911, to decree a foreclosure of an attachment lien on real estate and to direct an order of sale of the land. We therefore certify to your honors the following questions:

Question 1. Did this court err in holding that the judgment of the justice of the peace, so far as it decreed a foreclosure of an attachment lien on the land and order of sale thereunder, was not authorized by article 268, Revised Statutes of 1911, and therefore void?

Question 2. Did this court err in holding that a sale of the land under the order of sale issued by the justice of the peace, and under which the land was sold by the sheriff, was void?

Question 3. The sale of the land in controversy was made under the judgment of foreclosure of the attachment lien and the order of sale mentioned. Did this court err in holding that the sale of the land in controversy was void?"

Before the adoption of the Revised Statutes of 1879 there was no requirement of an express foreclosure of an attachment lien. The statutes merely provided that attached property should remain in the hands of the officer until final judgment, and the form of the judgment was not prescribed further than that it should be "as in ordinary suits." Paschal's Digest of the Laws of Texas, arts. 139, 142, 143, 145 and 146. When the Supreme Court was called upon to determine whether an attachment under these statutes was vacated by a judgment for debt only, making no mention of the attachment, it was held that "all the foreclosure necessary is accomplished by the recovery of a personal judgment," on the ground that "upon the question of the right to enforce the lien by a sale of the property, nothing more than the right of the plaintiff to recover the debt is in issue between the plaintiff and the defendant on the trial of the cause," and that to determine that in favor of the plaintiff "is to decide that he has a right to sell the attached property to satisfy his judgment." Wallace v. Bogel, 66 Texas, 572, 2 S. W., 96. This opinion harmonized with the generally announced rule that an order of foreclosure, in the absence of any express statutory requirement, though customarily made, was not essential to the enforcement of the lien of the attachment. 4 Cyc., 826.

Article 180 of the Revised Statutes of 1879 provided: "Should the plaintiff recover in the suit, such attachment lien shall be foreclosed as in case of other liens, and the court shall direct the proceeds of the personal property sold to be applied to the satisfaction of the judgment, and the sale of personal property remaining in the hands of the officer and of the real estate levied on, to satisfy the judgment."

In 1882 the Court of Appeals held, in the case of Shandy v. Conrales, 1 App. C. C., section 238, that the County Courts could not foreclose attachment liens on land, on the ground that article 5 of section 8 of the Constitution of Texas, conferred on the District Courts exclusive jurisdiction of all suits for the enforcement of liens on land, and that attachment liens were included within the term "liens" as used in the article. The following year the Supreme Court refused to follow the holding of the Court of Appeals, declaring in an opinion by Chief Justice Willie that the liens referred to in article 5 of section 8 of the Constitution, "may be defined to be such as were created by the act of the parties, as existed before the suit was commenced, and formed the basis of it, or an important part of the same," and that attachment liens were not included among those within the exclusive jurisdiction of the District Courts. Hillebrand v. McMahan, 59 Texas, 450. Notwithstanding this opinion, and notwithstanding the Commission of Appeals, when the question was referred to them, concurred in the conclusion of the Supreme Court, the Court of Appeals refused to follow same, and continued to declare invalid all decrees of County Courts and of Justice Courts which foreclosed liens on land. Newton v. Heidenheimer, 2 App. C. C., sec. 126; Rowan v. Shapard, 2 App. C. C., secs. 297, 302;

Miller v. Schneider, 2 App. C. C., sec. 372; and Wright v. Cullers, 2 App. C. C., sec. 750.

Thereupon, the Legislature enacted a statute providing that "when an attachment issued from a County or Justice Court had been levied upon land, no order or decree foreclosing the lien thereby acquired shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve such lien. The land so attached may be sold under execution, after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment in such land, at the time of the levy of such writ of attachment." Act, March 30, 1885, Laws 19th Leg., p. 73, 9 Gammel's Laws of Texas, p. 693.

In the revision of 1895, the provisions of article 180 and of the Act of March 27, 1885, were combined into article 214, which has since been in force and is now article 268, and which reads as follows: "Should the plaintiff recover in the suit, such attachment lien shall be foreclosed as in the case of other liens, and the court shall direct the proceeds of the personal property sold to be applied to the satisfaction of the judgment, and the sale of personal property remaining in the hands of the officer and of the real estate levied on, to satisfy the judgment; provided, however, that when an attachment issued from a County or Justice Court has been levied upon land, no order or decree foreclosing the lien thereby acquired shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve such lien. The land so attached may be sold under execution after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment in such land, at the time of the levy of such writ of attachment." Art. 214, Rev. Stats., 1895 ;art. 268, Vernon's Texas Civ. Stat.

We are entirely satisfied with the conclusion in Hillebrand v. Mc-Mahan that the Constitution does not confer exclusive jurisdiction on the District Courts to enforce attachment liens on land, and we see no reason to doubt the power of Justice and County Courts, as well as of District Courts, to foreclose such liens, in suits within their respective jurisdictions, even in the absence of express statutory authority.

The personal judgment in attachment proceedings was rightly declared in Wallace v. Bogel, 66 Texas, 574, 2 S. W., 96, for reasons there stated and which, therefore, need not be repeated, as "in effect a recognition of the lien, and if that be necessary, a foreclosure of it." That being true, the power to foreclose an attachment lien on land or personalty is embraced in the power to render a personal judgment, and no one denies the power of the Justice and County Courts to render personal judgments on causes of action for amounts within their respective jurisdictions.

The principle applied in Wallace v. Bogel is a corollary from the elementary doctrines that "when an attachment is sued out, a lien on the property attached is created which nothing subsequent can destroy but

dissolution of the attachment," and that "the whole office of an attachment is to seize and hold property until it can be subjected to execution." Drake on Attachments, secs. 224, 228.

The particular procedure specified for County and Justice Courts by article 268 could not be valid if the Constitution deprived those courts of the power, through their judgments, to enforce attachment liens on land. For the method which the statute affirms shall be sufficient to vest the purchasers at execution sales with all the estate of defendants in attachment at the dates of levies of the writs issued from County and Justice Courts, is through the judgments of those courts with specified recitals.

Full effect is given to the portion of article 268 taken from the Act of 1885 when purchasers at execution sales on judgments in attachment suits, without express foreclosures, are held to be invested with the interest of the defendants at the dates of the attachment levies. Under such holding, the purchasers' complete rights under attachment levies are upheld, though the proceedings lack the express foreclosures condemned by the Court of Appeals. But there is nothing inconsistent with this holding to also sustain the title of a purchaser under an express foreclosure of an attachment in the County or Justice Court, as considered valid by the Supreme Court.

Since there is no necessary inconsistency between the remedy provided by the portion of article 268 taken from the Act of 1885 and an express foreclosure on land in a County or Justice Court, and since the portion of article 268 taken from the Revised Statutes of 1879 expressly authorizes such foreclosure, our conclusion is that a County or Justice Court does possess the authority to enforce, by express foreclosure, a lien acquired on land by the levy of an attachment from the court decreeing the foreclosure.

At the same time there is no valid objection to the method of enforcing an attachment lien in a County or Justice Court, by mere judgment recital of the issuance and levy of the attachment, followed by execution, and as this method is simple, it is to be commended in practice.

The opinions of the Court of Civil Appeals at Texarkana in this case and in Hamill v. Samuels, 135 S. W., 747, and the opinion of the Court of Civil Appeals at Fort Worth in Patterson v. McMinn, 152 S. W., 225, announce different conclusions from those we have reached.

Previous to the opinions just mentioned, article 268 had been twice construed, in the same way as we have interpreted it, by two different Courts of Civil Appeals.

In Grizzard v. Brown, 2 Texas Civ. App., 585, 22 S. W., 253, the Galveston Court of Civil Appeals, per Justice Williams, had said: "The ruling of the County Court was probably based upon decisions of the Court of Appeals, as formerly constituted, holding that the County Court had no jurisdiction to foreclose attachment liens on land. 2 Civil Cas. Ct. App., 126-279. The Supreme Court has never held to that view of the law, a conflict having existed on that point between its

decisions and those of the Court of Appeals. Hillebrand v. McMahan, 59 Texas, 450. A statute was passed to remedy the difficulty, the effect of which we need not consider, inasmuch as we think it proper to follow on this question the rulings of the Supreme Court, and to hold that the County Court had jurisdiction to cause the levy of its writs upon land, and to enforce the levy *by foreclosure of liens thereby created."*

In Le Doux v. Johnson, 23 S. W., 905, the Austin Court of Civil Appeals had announced the opinion that "the County Court might have *foreclosed* the lien of the attachment issued out of that court, though it was a lien upon land."

The Amarillo Court of Civil Appeals refused to follow Hamill v. Samuels and Patterson v. McMinn as authorities for the proposition that a judgment of a Justice's Court foreclosing an attachment lien on land would be void, under article 268, saying: "The objection is made that the judgment of the Justice Court, foreclosing the lien, is void, as it had no power to render such judgment. This court held on the former appeal that the judgment was not void for that reason, basing its opinion on the case of Hillebrand v. McMahan, 59 Texas, 450; Grizzard v. Brown, 2 Texas Civ. App., 584, 22 S. W., 252. We think the opinion of this court in that holding correct." Rule v. Richards, 159 S. W., 389, 149 S. W., 1075.

The San Antonio Court of Civil Appeals also held, subsequent to the opinions in Hamill v. Samuels and Patterson v. McMinn, that article 268 "does not in terms prohibit the foreclosure of an attachment lien, but merely declares it unnecessary as a means of enforcing the lien. If as held by the Supreme Court, County Courts had the authority to foreclose attachment liens before the enactment of the statute, the latter does not deprive them of that power." McCall Co. v. Page, 155 S. W., 655.

We answer each of the questions certified in the affirmative.