COOPWOOD v. WOFFORD. (No. 6359.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1920.)

1. PLEADING ⊙⟶381(3)—IN ABSENCE OF GENERAL DENIAL, ADMISSIONS IN ANSWER PROPERLY ADMITTED.

Where there was no general denial by defendant in his answer, but merely a denial of such matters as were not admitted, the trial court properly overruled objection to the admission in evidence of portions of the answer containing certain admissions.

2. JOINT ADVENTURES ⊙⟶5(2) — EVIDENCE HELD NOT TO SUSTAIN FINDING IN ACTION BETWEEN PERSONS FARMING LAND ON SHARES.

In suit for $926, on allegations that plaintiff and defendant farmed certain land together, and that plaintiff was entitled to receive one-fourth of the proceeds, or 34 bales of cotton and 7 bales of seed, less one-quarter of the cost of ginning and of the cost of bags, ties, and picking, evidence as to the cost of picking and the weight of bales held insufficient to sustain finding for plaintiff for full amount sued for.

3. ATTACHMENT ⊙⟶217 — JUDGMENT ON REPLEVY BOND AND FOR FORECLOSURE OF ATTACHMENT LIEN NOT ERROR.

In suit by plaintiff, who had farmed land together with defendant, to recover an amount due him, the trial court did not err in rendering judgment on defendant's replevy bond, and also for foreclosure of the attachment lien.

Appeal from Nueces County Court; H. R. Sutherland, Judge.

Suit by E. H. Wofford against T. J. Coopwood. From a judgment for plaintiff, defendant appeals. Affirmed, on condition of remittitur.

E. L. Coleman and Kleberg, Stayton & North, all of Corpus Christi, for appellant.
G. R. Scott, Boone & Pope and E. A. McCampbell, all of Corpus Christi, and B. D. Tarlton, Jr., of Beeville, for appellee.

MOURSUND, J. Appellee sued appellant to recover $926, alleging that he and appellant farmed certain premises together, and that he was entitled to receive one-fourth of the proceeds, 34 bales of cotton and 7 bales of seed, less one-fourth of the cost of ginning and of the cost of the bags and ties and picking, and the further sum of $50 due by him to appellant on a previous settlement. He alleged that the cotton sold for $4,476, and the seed for $203.

The answer consisted of a denial of all allegations, except in such particulars as were specifically admitted, and an admission that a contract was made, but alleging different terms, an admission that he received $4,576.96 for the 34 bales of cotton and $133.71 for the

seed from 7 bales, both less the cost of ginning, aggregating $4,710.67, gross, allegations of expenses, and that the balance due by him to appellee was only $376.39.

The plaintiff procured an attachment to be levied on certain property, whereupon defendant gave a replevy bond. In answer to special issues the jury found in favor of plaintiff with respect to the terms of the contract and what was included in the first settlement, and that plaintiff was entitled to recover the full sum sued for. Judgment was entered in accordance with the verdict.

[1] Complaint is made of the admission in evidence of the portions of the answer containing the admissions hereinabove mentioned. The objection was that defendant had filed a general denial. As there was no general denial, but merely a denial of such matters as were not admitted, it is obvious that the court did not err in overruling the objection.

[2] We are unable to find evidence to sustain the finding that plaintiff was entitled to $926. Plaintiff and his wife testified that it cost $1 per 100 pounds for picking the first cotton and $2 for picking the last part. There had been a settlement on 32 bales, and the suit involved the last 34 bales. The defendant's testimony was that he paid over $2 for all except the first 24,000 pounds. Neither plaintiff nor his wife testified that any part of the 34 bales was picked at the rate of $1 per 100 pounds. We conclude that we must estimate the cost of picking the 34 bales at the $2 rate.

In order to arrive at the weight of the cotton picked, appellee in his brief took an average of the weight of 62 bales out of the 66, which average was 1,520 pounds. The defendant failed to introduce any satisfactory evidence of such weight. He produced a statement of weights and prices paid for picking; but it was not a detailed statement, made at the time of the transactions. It was made subsequently, and consisted of a sort of summary. According to this statement the average weight of seed cotton per bale was 2,515 pounds. There was such a material discrepancy between this average and that shown by the gins that the jury doubtless felt warranted in discarding the entire statement. We adopt appellee's estimate of 1,520 pounds per bale as correct. The cost of picking the 34 bales was therefore $258.40. To this must be added $50 admitted to be due defendant from the former settlement. The sum of $308.40 must be deducted from $1,177.67, one-fourth of the gross proceeds of the cotton and seed. This leaves $869.27. The judgment cannot be sustained for a greater sum.

[3] Complaint is made because the court rendered judgment on the replevin bond and also for foreclosure of the attachment lien.

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint is without merit. Atkinson v. Witte, 54 S. W. 611.

The judgment will be reversed, and the cause remanded, unless a remittitur in the sum of $56.73 is entered within 15 days. If such remittitur is entered, the judgment will be affirmed for the remainder of $869.27.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes