**ROSSER et al. v. HALE. (No. 9701.)**

(Court of Civil Appeals of Texas. Fort Worth. Dec. 3, 1921.)

1. **Attachment** ⟨key⟩339 — Final judgment is against sureties on bond and principals.

Where an action was begun with attachment and a replevy bond is given releasing the property under Vernon's Sayles' Ann. Civ. St. 1914, arts. 269, 7106, it was the duty of the trial court to enter judgment on the replevy bond and give judgment against the sureties as well as the principals.

2. **Attachment** ⟨key⟩339 — Bond need not be pleaded.

A replevy bond need not be pleaded to have judgment rendered thereon.

3. **Judgment** ⟨key⟩244—Held to sufficiently indicate it was against defendants.

A judgment in replevin that plaintiff ought to recover from said defendants and the sureties on their bond the sum, etc., and that he have his execution which, after enforcement of named liens, was to be made out of the property of "W. and wife" (defendants), sufficiently indicated it was against defendants, though omitting formally that it was "rendered against defendants W. and wife."

4. **Appeal and error** ⟨key⟩1153—Formal errors in judgment held correctible by appellate court by entering judgment.

The court on appeal may enter the judgment which should have been entered below by correcting the formal omission of a judgment to state that it was rendered against named defendants, where the purport is clear.

5. **Attachment** ⟨key⟩339—Objection by sureties on replevy bond that attachment and foreclosure of chattel mortgage were concurrently pursued held unavailing.

Objection by sureties on replevy bond in attachment that foreclosure of writ of attachment and of a chattel mortgage were inconsistent remedies, and erroneously pursued to final conclusion, is without force, where the property levied on and that mortgaged was identical.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by T. E. Hale against S. A. Rosser and another. From judgment for plaintiff, sureties appeal. Affirmed.

Fischer & Fischer, of Wichita Falls, for appellants.

W. E. Wilson and Aynesworth, Williams & Watkins, all of Wichita Falls, for appellee.

BUCK, J. On May 7, 1920, T. E. Hale filed suit against P. E. Wilson and wife for the balance due on six promissory notes executed by Wilson and wife to Eckman and Von Allmen, and transferred by the latter to the plaintiff, and given in part payment of an automobile. A chattel mortgage on the automobile had been given, which had also been transferred to Hale. On the same day, plaintiff caused a writ of attachment

to issue, and the sheriff levied upon this automobile. Defendant Wilson and wife executed and delivered to plaintiff a replevy bond, with the following sureties, to wit, S. A. Rosser, Bert Adrian, H. D. Wolff, and Philip Kleinman. Later, a judgment by default was taken in the original suit, and the mortgage lien was foreclosed, and the judgment further recited:

"And if said property cannot be found, or. if the proceeds of such sale be insufficient to satisfy this judgment, then the officer executing this order shall make the money, or any balance thereof remaining unpaid, out of any property belonging to S. A. Rosser, Bert Adrian and Philip Kleinman, who signed a replevy bond on said property for said defendants."

At the succeeding term of court, plaintiff was issued writs of execution against the bondsmen on the replevy bond, and the bondsmen secured an injunction against the plaintiff and the sheriff of Wichita county, restraining them from executing said writs. Whereupon, on November 3, 1920, plaintiff filed a motion to amend the judgment rendered at the former term of court, and to enter an order and judgment nunc pro tunc showing that the attachment lien was foreclosed. This motion was granted, and the bondsmen have appealed.

[1] Appellants urge that the court erred in granting said motion and in overruling their general demurrer, because plaintiff's motion failed to state that the minutes of the court did not contain the full judgment that was rendered at the former term; that under articles 2015 and 2016, V. S. Tex. Civ. Stats., the power of a court to correct its judgments is confined to making the minutes speak the truth, and record the judgment which was in fact rendered at a prior term. Article 269, under the subject of Attachment and Garnishment, and article 7106, under the subject of Sequestration, of the civil statutes, reads:

"When personal property has been levied on, as hereinbefore provided, the judgment shall also be against the defendant and his sureties on his. replevy bond for the amount of the judgment, interest and costs, or for the value of the property replevied and interest, according to the terms of such replevy bond." Art. 269.

"The bond provided for in the three preceding articles shall be returned with the writ to the court from whence the writ issued, and in case the suit is decided against the defendant final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue or rent thereof, as the case may be." Art. 7106.

Under these articles, it was the duty of the trial court to enter judgment on the replevy bond, and give judgment against the sureties thereon as well as the principals.

In Cabell et al. v. Floyd et al., 21 Tex. Civ. App. 135, 137, 50 S. W. 478, 479, the Austin Court of Civil Appeals, speaking through Chief Justice Fisher, said:

"The county court has the power to issue an order of sale carrying into effect the judgment of the Court of Civil Appeals; and upon the return of that order, showing that the property upon which the lien was foreclosed could not be reached, we think the county court, under the circumstances, had the authority, by virtue of the article of the statute quoted [article 7106], to render judgment against the obligors in the replevy bond. Their obligation was a part of the proceedings in the cause, and it was an agreement to the effect that they would become bound, jointly and severally, for the value of the property, in the event judgment should have been given against their principal, foreclosing the lien. This obligation placed the sureties before the court, and it was, in effect, an agreement that judgment might be rendered against them, if their principal should be held liable for the property."

[2] There is no need to plead on the replevy bond in order for the court to render judgment thereon. Wandelohr v. Bank, 106 S. W. 413, affirmed by Supreme Court in 102 Tex. 20, 108 S. W. 1154; Tyson v. Trust Co., 154 S. W. 1055; Moss v. Katz & Mayer, 69 Tex. 411, 6 S. W. 764. Hence we conclude that it was the duty of the trial court, under the statutes, to enter judgment upon the replevy bond and to find against the sureties thereon, and that upon his failure to do so he should have corrected his judgment, upon a motion at any rate. Therefore any defect in the motion, or the admission as evidence of the unsworn statement of counsel for plaintiff in the original suit, to the effect that it was his intention to have the attachment bond foreclosed in the original judgment, became immaterial.

[3, 4] The fifth assignment assails the judgment, entered nunc pro tunc, as not rendering judgment against P. E. Wilson and wife. The judgment reads:

"The court is of the opinion that the plaintiff, T. E. Hale, ought to recover of and from the said defendants, and the said sureties on their replevy bond, the sum of $602.75, as principal, interest and attorney's fees, up to the 12th day of July, 1920, until paid at the rate of 10 per cent. per annum, together with his costs in this behalf 'laid out and expended, and that he have his execution."

Then it recites the existence of the chattel mortgage lien and forecloses it, and directs the sheriff to sell said property and to apply the proceeds to the satisfaction of the judgment, and to make any balance thereof out of any property of defendants, P. E. Wilson and wife, if same can be found. It also forecloses the attachment lien and directs the sheriff to levy upon the property of the sureties on the replevy bond for any balance of the judgment remaining unsatisfied after the property of Wilson and wife has been exhausted.

The court did award an execution, and we think it would be inconsistent to say that the recitals above mentioned did not purport to award judgment against P. E. Wilson and wife on the debt, when the court awarded execution against them. If the judgment be wanting in certain formal words which ordinarily are found in judgments, yet we think the judgment as a whole reflects the evident intention of the court to enter a judgment against the original defendants for the debt. Therefore we will here enter the judgment which should have been entered by reconstructing the sentence above quoted so as to read as follows:

"The court is of the opinion that plaintiff ought to recover of and from the said defendants, and therefore renders judgment for plaintiff against said defendants P. E. Wilson and his wife, Mrs. P. E. Wilson, and adjudges and decrees that plaintiff recover against the said defendants, jointly and severally, the sum of $602.75, as principal, interest and attorney's fees up to the 12th day of July, 1920, and interest on said judgment at the rate of 10 per cent. per annum from date until paid, together with his costs in this behalf expended, and that he have his execution."

[5] In the sixth assignment complaint is made that the foreclosure of an attachment lien and the foreclosure of a chattel mortgage lien are inconsistent remedies, and cannot be concurrently pursued to a final conclusion in the same action. This contention is based upon the hypothesis that until the mortgage lien is abandoned or adjudicated, and the security thereunder exhausted, an attachment lien will not lie, for the reason that the basis for an attachment is a debt in a definite sum certain, and until the security under the chattel mortgage is exhausted, appellee would have had no means of determining the amount due him, i. e., the amount of the mortgage deficiency, which definite amount is necessary in order to make the attachment valid. In the instant case, the writ of attachment was levied upon the identical property upon which the mortgage lien was given, and we fail to see any force in the objection raised. While perhaps a writ of sequestration was the statutory remedy open to plaintiff, yet in either event the obligor on a replevy bond (in the absence of a quashal of the attaching writ), given to release the property seized under the writ, becomes absolutely liable to the extent of the value of the property replevied, or, at the defendant's option, for the amount of plaintiff's debt. Article 258, V. S. Tex. Civ. Stats.; Kennedy v. Morrison, 31 Tex. 208; Moffitt v. Garrett, 23 Okl. 398, 100 Pac. 533, 32 L. R. A. (N. S.) 401, 407, 408, 138 Am. St. Rep. 818.

Other assignments are disposed of by what we have already said.

All assignments are overruled, and the judgment is affirmed, as reformed.

---

⚖=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes