### TOLAND v. STROUD et al.

No. 10741.

Court of Civil Appeals of Texas. Dallas.

Feb. 14, 1931.

Rehearing Denied March 21, 1931.

G. H. Crane, of Dallas, for appellant.

Lee R. Stroud, of Dallas, for appellees.

VAUGHAN, J.

This suit was instituted by appellees, Mrs. Ada Stroud and husband, Lee R. Stroud, against appellant to recover in her behalf on a liquidated demand in the principal sum of $350, together with 6 per cent. interest per annum thereon from April 26, 1923. Appellees, at the time said suit was filed, caused to be issued a writ of attachment, which was on May 14, 1923, levied upon a tract of land located in Kaufman county, Tex. Appellant appeared in the trial court, by counsel, but the record does not contain the answer filed for appellant, if one was filed for her. On September 20, 1929, judgment was rendered on the verdict of the jury in favor of appellee Mrs. Ada Stroud against appellant for the sum of $485.62, with 6 per cent. interest per annum thereon from said date.

This appeal is before us on the following agreed statement of facts: That when this suit was filed, April 17, 1923, appellees sued out and caused to be properly levied a writ of attachment on lands in Kaufman county, belonging to appellant; that on August 15, 1923, appellant filed with the clerk of the trial court a replevy bond for said land so attached, which bond was properly approved and duly filed in this case; that the attach-

ment issued out of this cause was handed to the presiding judge while the case was being tried and the court took cognizance of same; that neither the writ of attachment, bond, nor the affidavit therefor, were introduced and read in evidence; that after the jury had been discharged, plaintiffs produced said attachment bond and affidavit and presented same to the trial judge, who took cognizance of same.

Appellant, by her first assignment of error, contends that the court erred in rendering judgment, foreclosing the attachment lien, without the jury having found that a valid attachment lien existed.

■■ Writs of attachment issued out of a county court are governed by the following provisions of article 301, R. S. 1925, viz.: "When an attachment issued from a county or justice court has been levied upon land, no order or decree foreclosing the lien thereby acquired shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve such lien." Rentfrow v. Lancaster, 10 Tex. Civ. App. 321, 31 S. W. 229, 230 (Col. 1).; Johnson et al. v. Goolsby Lbr. Co. (Tex. Civ. App.) 121 S. W. 883. Said judgment properly recites the issuance and levy of said writ of attachment and, in addition thereto, formally foreclosed the attachment lien on the real estate levied upon. This foreclosure, if erroneous, was harmless, as a compliance with the provisions of article 301 was not thereby destroyed. Johnson v. Goolsby Lbr. Co., supra. However, under the holding in Baker v. Pitluk & Meyer, 109 Tex. 237, 205 S. W. 982, said foreclosure was correct, the lien not being one of contract.

■ The validity of the judgment is next called in question by the following assignment of error: "The court committed error in foreclosing the attachment lien against the land—and in not rendering and in failing to render judgment against the defendant on her replevy bond." We are of opinion that this contention—real estate having been levied upon—is in irreconcilable conflict with the following provisions of the attachment statute, viz.: Article 289, R. S. 1925, "The writ of attachment shall be levied in the same manner as is, or may be, the writ of execution upon similar property." Article 3793, Id., in part, "In order to make a levy on real estate, it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to indorse such levy on the writ." Article 290, Id., "When personal property is attached, the same shall remain in the hands of the officer attaching until final judgment, unless a claim be made thereto and bond be given to try the right to the same, or unless the same be replevied or be sold as provided by law." Article 301, Id., in part, "Should the plaintiff recover in the suit, such

attachment lien shall be foreclosed as in the case of other liens, and the court shall direct the proceeds of the personal property sold to be applied to the satisfaction of the judgment, and the sale of personal property remaining in the hands of the officer and of the real estate levied on, to satisfy the judgment. * * * The land so attached may be sold under execution after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment in such land, at the time of the levy of such writ of attachment." And article 302, id., "When personal property has been levied on, as hereinbefore provided, the judgment shall also be against the defendant and his sureties on his replevy bond for the amount of the judgment, interest and costs, or for the value of the property replevied and interest, according to the terms of such replevy bond." See also Miles v. Davis, 36 Tex. 690; Moss v. Katz & Meyer, 69 Tex. 411, 6 S. W. 764; Coopwood v. Wofford (Tex. Civ. App.) 219 S.W. 504. Both assignments are overruled.

Not finding any reversible error, the judgment of the court below is affirmed.

Affirmed.

On Appellant's Motion for a Rehearing.

Appellant very strenuously urges that this court erred in holding that the court below did not err in foreclosing appellee's attachment lien against the lands levied upon, insisting that appellant having replevied the land, her replevy bond took the place of the land, and judgment therefore should have been on the bond for the amount of the money judgment in favor of appellees. Following are all of the provisions of our attachment statute, title 13, R. C. S. 1925, pretermitted in original opinion, that deal with or in any manner relate to the replevy of property seized by writ of attachment, and by which this question must be determined, viz.:

"Art. 291. Any person other than the defendant may claim the personal property so levied on, or any part thereof, upon making the affidavit and giving bond required by the provisions of the title relating to the trial of the right of property.

"Art. 292. At any time before judgment, should the property not have been previously claimed or sold, the defendant may replevy the same, or any part thereof, by giving bond * * * conditioned that should the defendant be condemned in the action, he shall satisfy the judgment which may be rendered therein, or shall pay the estimated value of the property with lawful interest thereon from the date of the bond.

"Art. 293. Whenever personal property * * * shall (have) not have been claimed or replevied, the judge, or justice of the peace, out of whose court the writ was issued, may,

either in term time or in vacation, order the same to be sold. * * * "

"Art. 295. Such sale shall be conducted in the same manner as sales of personal property under execution. * * * "

"Art. 300. The execution of the writ of attachment upon any property of the defendant subject thereto * * * shall create a lien from the date of such levy on the real estate levied on and on such personal property as remains in the hands of the attaching officer, and on the proceeds of such personal property as may have been sold."

From said provisions it is to be gathered: (a) That only a defendant in attachment proceedings may replevy; (b) that only personal property attached may be claimed and bond given to try the right of property; (c) that only personal property may be ordered sold before final judgment; (d) that the provisions of article 292, supra, viz., "At any time before judgment, should the property not have been previously claimed or sold, the defendant may replevy the same, or any part thereof," has reference only to personal property, as real estate cannot be claimed or sold under said title 13; (e) that regardless of the execution of a replevy bond for land levied upon by a writ of attachment (same not being authorized by said title), on the plaintiff recovering in the suit the attachment lien shall be foreclosed and the real estate ordered sold to satisfy the judgment; (f) that the provision of article 302, supra, only authorizes a judgment against the defendant and his sureties on his replevy bond when personal property has been replevied.

This limitation to the right of replevy is due, no doubt, to the fact that article 3793, R. S. 1925, referred to by article 289, supra, does not authorize an officer, in levying a writ of attachment upon real estate, to take possession thereof as in the case of a levy upon personal property; the real estate so levied upon being left in the possession of the defendant, against whom the writ is levied.

Appellant's motion for rehearing is denied.